IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LELAND SYCAMORE, TYLER SYCAMORE, WILD GRAINS BAKERY LLC, and UNITED STATES BAKERY, INC., <br><br> Defendant. | **SEALED MEMORANDUM DECISION AND ORDER DENYING [131] MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM** <br><br> Case No. 2:13-cv-00749 DN <br><br> District Judge David Nuffer |

Plaintiff Bimbo Bakeries USA, Inc. (Bimbo) filed this case against multiple Defendants, principally alleging that the Defendants misappropriated Bimbo's trade secrets for making bread.[1] The trade secrets were originally developed by Defendant Leland Sycamore and acquired by Bimbo. In addition to the trade secret claims, Bimbo asserts trade dress infringement, trade dress dilution, and false advertising claims against United States Bakery, Inc. (U.S. Bakery).

This order concerns Bimbo's trade dress infringement and false advertising claims. Bimbo seeks partial summary judgment on certain elements of these claims. For the reasons stated in this order, Bimbo's motion for summary judgment is DENIED in its entirety, and because notice was given under Federal Rule of Civil Procedure 56(b), Bimbo's trade dress claim against U.S. Bakery is dismissed.

**UNDISPUTED FACTS**

Bimbo and its predecessors-in-interest have sold Grandma Sycamore's Home Maid Bread since 1979.[2] Grandma Sycamore's bread is sold throughout the states of Utah, Idaho,

---

[1] Am. Compl.; docket no. 37

[2] Mot. for Summ. J. at p. 2; docket no. 131.

Nevada, Arizona, Colorado, Oregon, Washington, Wyoming, and New Mexico.[3] Grandma Sycamore's bread is one of the top selling breads in the state of Utah and it has used the same package design for its white variety bread since 1992.[4]

U.S. Bakery has a competing bread brand called Grandma Emilie. U.S. Bakery bought Grandma Emilie's bread brand from Hostess when Hostess went through bankruptcy.[5] U.S. Bakery re-introduced Grandma Emilie's to the market on May 13, 2013.[6] In June 2013, Bimbo's counsel wrote to U.S. Bakery complaining that Grandma Emilie's packaging infringed on Grandma Sycamore's trade dress.[7] After receiving notice from Bimbo's counsel, U.S. Bakery changed its labels and informed Bimbo of the change. Bimbo did not respond to U.S. Bakery's letter informing Bimbo of the change in packaging.[8] Bimbo believes that even though the packaging was changed in June 2013, the new packaging also infringed on Grandma Sycamore's trade dress.

In January 2014, U.S. Bakery changed the packaging for Grandma Emilie's bread again. Bimbo contends that only the packaging prior to January 2014 infringed on its trade dress by creating a likelihood of confusion among customers due to the similarities in the look of the packaging. Bimbo makes no claim for trade dress infringement after January 2014.

In addition to Bimbo's trade dress infringement claim, Bimbo asserts that U.S. Bakery's tagline "Fresh. Local. Quality." is false and misleading because the bread was not baked locally.

---

[3] Declaration of Christopher D. Smith at ¶ 4; docket no. 133.

[4] *Id.* at ¶ 3

[5] Mot. for Summ. J.at p. i.; docket no. 119.

[6] *Id.*

[7] *Id.* at p. vii.

[8] *Id.*

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[10] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[11]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[12]

**DISCUSSION**

The order will first address the reasons Bimbo's trade dress infringement claim is generic and not protectable, and then will briefly address its false advertising claim. Notice and the opportunity to respond has been given to Bimbo pursuant to Federal Rule of Civil Procedure 56(f)(1) that "the court may… grant summary judgment for the nonmovant," defendant, on plaintiff's trade dress claim based on Bimbo's purported trade dress being classified as generic.[13] The responses were received and considered.[14]

---

[9] Fed. R. Civ. P. 56(a).

[10] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[11] *Id.*

[12] *Id.* at 670-71.

[13] Rule 56(f)(1) Notice; docket no. 251.

[14] U.S. Bakery's Response to Rule 56(f)(1) Notice; docket no. 254; Bimbo's Reponse to Rule 56(f)(1) Notice; docket no. 255.

## Trade Dress Infringement

Section 43(a) of the Lanham Act protects a plaintiff's trade dress from infringement.[15] A product's trade dress "involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques."[16]

To have a valid trade dress infringement claim, a plaintiff must show: "(1) The trade dress is inherently distinctive or has become distinctive through secondary meaning; (2) There is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional."[17]

To determine whether a mark is inherently distinctive courts in the Tenth Circuit measure distinctiveness of the trade dress along a spectrum of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful.[18] A mark that is deemed suggestive, arbitrary, or fanciful is considered inherently distinctive and is entitled to trademark protection without showing secondary meaning.[19] "A descriptive mark may receive protection only when it has acquired secondary meaning by becoming distinctive of the applicant's goods in commerce."[20] Generic marks refer to a general class of goods and are therefore not entitled to protection.[21]

"Suggestive marks suggest rather than describe a characteristic of the product and require the consumer to use imagination and perception to determine the products nature."[22] "Arbitrary

---

[15] 15 U.S.C. 1125.

[16] *Sally Beauty Co., Inc. v. Beautyco, Inc.,* 304 F.3d 964, 976 (10th Cir. 2002).

[17] *Gen. Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1227 (10th Cir. 2007).

[18] *Sally Beauty Co., Inc.,* 304 at 976.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

marks use common words, symbols, and pictures that do not suggest or describe any quality or characteristic of the goods or services."[23] "Finally, fanciful marks are words invented or selected for the sole purpose of functioning as a trademark."[24]

The elements of Bimbo's purported trade dress include: (1) a horizontally-oriented label; (2) a design placed at the top center of the end; (3) the word "White" in red letters; (4) the use of a red, yellow, and white color scheme; and (5) stylized font below the design outlined in white.[25],[26]

Bimbo asserts that its trade dress is at least suggestive if not arbitrary/fanciful because the elements of the trade dress do not serve to identify a characteristic, quality, or ingredient of the bread. Bimbo, however, argues that even if its trade dress was deemed descriptive then it has nonetheless established secondary meaning.

This order will examine each individual element and discuss the reasons why Bimbo's purported trade dress as a whole is generic and therefore not protectable as a matter of law. U.S. Bakery attached a photograph in its opposition to summary judgment showing that the elements of Bimbo's purported trade dress are common in the industry and are therefore generic.[27] "[W]here it is the custom of an industry to package products in a particular manner, a trade dress in that style would be generic and therefore not inherently distinctive."[28] Although a product

---

[23] *Id.*

[24] *Id.*

[25] Mot. for Summ. J. at p. 26; docket no. 131.

[26] U.S. Bakery's opposition to summary judgment makes arguments concerning elements such as the word "grandma", and a see through plastic bag not being protectable. Bimbo does not claim these elements as part of its trade dress in its Amended Complaint. *See* Am. Compl. at ¶15.

[27] Opp. to Mot. for Summ. J. at p. 5; docket no. 185.

[28] *Paddington Corp. v. Attiki Importers & Distributors, Inc.,* 996 F.2d 577, 583 (2d. Cir. 1993).

may have generic elements, the combination of the elements must not be generic.[29] The combination of Bimbo's purported trade dress is clearly generic and therefore not subject to protection. U.S. Bakery has relied on the photograph below, which is included in its opposition, to show that Bimbo's purported trade dress is generic.

The only evidence on these motions shows that Bimbo's trade dress is custom in the industry and is therefore generic. Bimbo's Rule 56(f)(1) response argues that trade dress can only be generic if it is synonymous with the product itself.[30] While a trade dress is typically rendered generic when it is synonymous with the product itself, a trade dress can also be classified as generic if it is the custom in the industry to package the product in the manner claimed to be a protected trade dress.[31]



---

[29] *Id.*

[30] Bimbo's Reponse to Rule 56(f)(1) Notice; docket no. 255.

[31] *Paddington Corp.,* 996 F.2d at 583.

6

### i. The Horizontally Oriented Label and Design on the Top Center End of Bag is Generic.

Bimbo alleges that a horizontally oriented label is one of many factors that distinguish its product.[32] The supporting argument in Bimbo's motion is unconvincing.[33] U.S. Bakery's attached photograph shows that it is extremely common in the industry to use a horizontally oriented label in the bread industry.[34] In fact, it appears that it would be unusual in the industry to not have a label that is horizontally oriented.

Similarly, the photograph shows that placing the company's design on the top center end of the bag is also extremely common in the industry. The placement of the design is in no way unique to Grandma Sycamore's white bread and is therefore generic because of how common it is in the industry.

Even if the placement of the design on the end of the bag was not common in the industry, this factor still must be excluded due to its functionality. Placing the design on the end of the bread makes the bread easier to display in stores. A functional trade dress is not protectable.[35]

### ii. The Red, Yellow, and White Color Scheme with the Word "White" in Red is Generic.

A color scheme may be protectable if it is unique. However, a color scheme that is not unique will not be protected.[36] "For example, packaging lime-flavored soda in green twelve-ounce cans is so common in the soft drink industry that such packaging probably is not

---

[32] Am. Compl. at ¶ 15; docket no. 37.

[33] Mot. for Summ. J. at p. 26-27; docket no. 131.

[34] Opp. to Summ. J. at p. 3; docket no. 185.

[35] *See Hartford House, Ltd. v. Hallmark Cards, Inc.* 846 F.2d 1268 (10th Cir. 1988).

[36] *Paddington Corp.,* 996 F.2d at 538.

inherently distinctive, although without the industry practice green cans would be either suggestive or arbitrary and therefore inherently distinctive."[37]

Grandma Sycamore's color scheme is so common in the industry that it would be considered generic and not protectable. U.S. Bakery's photograph in its opposition shows that it is extremely common to have a red, yellow, and white color scheme for white bread.[38] Because there is nothing inherently distinctive about this color scheme, and it is common in the industry, it is considered generic.

Similarly, the word "White" in red is also extremely common in the industry. The photograph in U.S. Bakery's opposition shows this.[39] Four of the five loaves of bread in the photograph have a red, yellow, and white color scheme with the word "White" in red.[40] Furthermore, every loaf of bread included in the picture outlines the word "White" in white.[41] These elements are therefore considered generic because they are common in the industry.

### iii. The Stylized Font Alone is Generic.

The only element raised by Bimbo that could be considered unique is its use of "White" in stylized font. The parties identify no case law discussing whether a font alone is protectable, and none has been found.

Bimbo argues that U.S. Bakery's stylized font is highly similar to Bimbo's and asserts that the similarity constitutes infringement. Even if a generic italicized font alone were protectable, U.S. Bakery uses a different font than Bimbo. While the fonts are highly similar, there are some differences. These differences include the way the letter "h" curves at the top and

---

[37] *Id.*

[38] Opp. to Summ. J. at p. 3; docket no. 185.

[39] *Id.*

[40] *Id.*

[41] *Id.*

the style of the dot over the letter "i". Therefore Bimbo's claim goes beyond merely claiming exclusive use over a certain italic font, and seeks exclusive use of all italic fonts that look similar.

Bimbo has offered no evidence that the font Bimbo uses is uniquely stylistic or artistic. The font appears to be a generic italic font, and therefore is not a protectable trade dress. Even if the italicized font were protectable, Bimbo is not entitled to exclusive use over all italicized fonts that look similar to its packaging.

Bimbo's motion for summary judgment sought an order finding that its trade dress is inherently distinctive because it is suggestive, arbitrary, or fanciful.[42] In the alternative Bimbo seeks an order that the trade dress is descriptive and has established secondary meaning.[43] For the reasons stated above, the only classification that can be made is that each element of its trade dress, and the overall combination of the elements, are generic and therefore not protectable. Bimbo contends that this photograph is not representative; however, it fails to offer facts to support its argument.

Bimbo's motion for summary judgment on its trade dress infringement claim cannot be granted, and because notice was given under Rule 56(f)(1) of the Federal Rules of Civil Procedure, the claim is dismissed despite U.S. Bakery's failure to move for summary judgment on the claim.[44]

---

[42] Mot for Summ. J. at p. 26-27; docket no. 131.

[43] *Id.* at p. 28-31.

[44] U.S. Bakery argues that its motion for summary judgment (docket no. 119) asks the court to dismiss this claim because it is generic. However, U.S. Bakery never argued for summary judgment on its claim on this basis. U.S. Bakery merely argued that if Dr. Christensen's surveys were excluded then Bimbo's trade dress claim failed. The court found that Dr. Christensen's surveys were not unreliable and therefore U.S. Bakery made no other arguments as to this aspect of the trade dress claim. Notice and the opportunity to respond was therefore required before dismissing a claim for a nonmovant.

**False Advertising**

Bimbo seeks summary judgment on one element of its false advertising claim seeking summary judgment finding that U.S. Bakery's "Fresh. Local. Quality" tagline is literally false, or at least misleading because its bread was not made locally.

The order on U.S. Bakery's motion for summary judgment determined that whether "local" is literally false, or even misleading, is a factual question that cannot be decided on a motion for summary judgment. This order will therefore not readdress the issue.

**ORDER**

Plaintiff Bimbo's motion for summary judgment[45] is DENIED in its entirety, and its trade dress claim is dismissed.

Within fourteen days after filing of this order, the parties shall send a redacted version of this document to dj.nuffer@utd.uscourts.gov.  The redacted version shall obscure all protected information and shall be a text-based PDF. If the redactions are acceptable to the court, the redacted version will be placed on the docket.

Signed June 5, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[45] Docket no. 131.

United States District Court
for the
District of Utah
June 5, 2017

******MAILING CERTIFICATE OF THE CLERK******

RE: Bimbo Bakeries USA v. Sycamore et al
2:13cv749 DN-DBP

Charles A. Burke
WOMBLE CARLYLE SANDRIDGE & RICE (WINSTON-SALEM)
ONE W FOURTH ST
WINSTON-SALEM, NC 27101

Raymond J. Etcheverry
PARSONS BEHLE & LATIMER (UT)
PO BOX 45898
SALT LAKE CITY, UT 84145-0898

Sean N. Egan
PARKSIDE TOWER STE 950
215 S STATE ST
SALT LAKE CITY, UT 84111-2374

Andrew G. Deiss
DEISS LAW PC
10 W 100 S STE 425
SALT LAKE CITY, UT 84101

Christoher S. Hill
KIRTON MCCONKIE
PO BOX 45120
SALT LAKE CITY, UT 84145-0120

Eric C. Beach
TONKON TORP LLP
888 SW FIFTH AVE STE 1600
PORTLAND, OR 97204

_____

Aimee Trujillo