IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LELAND SYCAMORE, TYLER SYCAMORE, WILD GRAINS BAKERY, LLC, AND UNITED STATES BAKERY, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RULING ON DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26 (LOSS OF TRADE SECRET PROTECTION BY MERGER)** <br><br> Case No. 2:13-cv-00749-DN-DBP <br><br> District Judge David Nuffer |

## INTRODUCTION

The parties submitted proposed jury instructions as directed under the Trial Order.[1] Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") submitted with its proposed instructions[2] an instruction on the definition of a trade secret at No. 24.[3] Defendants Tyler Sycamore, Wild Grains Bakery, LLC, and United States Bakery, Inc. (without Leland Sycamore, collectively for purposes of this order, "Defendants") jointly filed proposed instructions,[4] which included a competing definition of a trade secret at No. 26.[5] The proposed instructions were reviewed and compiled into a single set based on the sources cited in the proposed instructions and other legal authority on the statements of law asserted.[6] The Court's Proposed Jury

---

[1] Trial Order ¶ 2, docket no. 259, filed July 26, 2017.

[2] Proposed Jury Instructions by Bimbo Bakeries USA, Inc., docket no. 290, filed August 24, 2017.

[3] *Id.*, Bimbo Bakeries' Instruction No. 24 at 32–33.

[4] Proposed Jury Instructions of Tyler Sycamore, United States Bakery, and Wild Grains Bakery, docket no. 288, filed August 25, 2017.

[5] *Id.*, Defendants' Instruction No. 26 at 5–6.

[6] *Id.*

Instructions have been issued subject to comment from counsel and a final determination on the form of the instructions to be offered to the jury at trial.[7] In so doing, and by this order, the court expressly rejects the following proposed statement of law from Defendants' Instruction No. 26 on the definition of a trade secret:

> Certain information loses protection as a trade secret if it has been merged into a person's own faculties, skill, and experience.[8]

## DISCUSSION

Defendants' statement of the law in Instruction No. 26 regarding merger of a trade secret into an employee's knowledge follows the Utah Supreme Court's ruling in *Microbiological Research Corp. v. Muna*.[9] In its *Microbiological* decision, the Utah Supreme Court quoted liberally from the third edition of Rudolf Callman's treatise, The Law of Unfair Competition, Trademarks, and Monopolies ("Callman Third").[10] Regarding the merger of a trade secret, Callman Third states:

> Confidential information of an employer . . . loses any protection to which it may have been entitled after it has been merged into the employee's own faculties, skill and experience.[11]

Reliance on this statement from Callman Third is misplaced. The statement did not reflect a trend in the case law, nor did it cite to a case.[12] While the Callman quotation remains in the *Microbiological* case,[13] the subsequent edition of the Callman treatise ("Callman Fourth") has abandoned the reference to confidential information losing protection by "merging" into an

---

[7] *Id.*

[8] Defendants' Instruction No. 26 at 5–6.

[9] 625 P.2d 690, 697 (Utah 1981).

[10] *Id.* at 696–698, n.9–20 (citing 2 Callman Unfair Competition, Trademarks and Monopolies (3rd Ed.)).

[11] 2 Callman Unfair Competition, Trademarks and Monopolies (3rd Ed.), § 54.2(a), pp. 418–419.

[12] *Id.*

[13] 625 P.2d at 697.

employee's faculties, skill, or experience.[14] The more correct principle is reflected in Callman Fourth: "An employee, upon the termination of his employment, is free to draw upon his general knowledge, experience, and skill, howsoever gained, *provided he does not use or disclose any of the specific technological or business secrets of his former employer*."[15]

      The distinction has important implications. If an employee could absorb a legitimate trade secret by intimate familiarity, an employer would jeopardize trade secret protection for its confidential information by disclosing the information to the employee. Such a result is inconsistent with the Trade Secret Act, which preserves protection for otherwise confidential information that is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[16] Employers must be able to disclose their trade secrets to employees, subject to reasonable efforts to maintain secrecy, without losing their trade secrets. Otherwise, such employers would, in many circumstances, be hindered from meaningfully using their trade secrets.

---

[14] 3 Callman Unfair Competition, Trademarks and Monopolies (4th Ed.), § 14:35.

[15] *Id.* (emphasis added).

[16] Utah Code § 13-24-2(4)(b).

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Defendants' Jury Instruction No. 26 is REJECTED. Defendants' assertion that "confidential information of an employer loses any protection to which it may have been entitled after it has been merged into the employee's own faculties, skill and experience" is an improper statement of law.

Dated September 19, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge