IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>LELAND SYCAMORE, TYLER SYCAMORE, WILD GRAINS BAKERY, LLC, AND UNITED STATES BAKERY, INC.,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER**<ul><li>**RULING ON STANDARD OF EVIDENCE JURY INSTRUCTIONS; and**</li><li>**SUSTAINING**<ul><li>**[396] UNITED STATES BAKERY, INC.'S OBJECTIONS TO PRELIMINARY INSTRUCTIONS and**</li><li>**[399] TYLER SYCAMORE'S AND WILD GRAIN BAKERY LLC'S OBJECTIONS TO PRELIMINARY INSTRUCTIONS**</li></ul></li></ul>Case No. 2:13-cv-00749-DN-DBP<br><br>District Judge David Nuffer |

## INTRODUCTION

Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") asserts a claim of trade secret misappropriation against Defendants Leland Sycamore, Tyler Sycamore, Wild Grains Bakery, LLC, and United States Bakery, Inc. (together, "Defendants"). Under Utah's Uniform Trade Secrets Act (the "UTSA"), if "willful and malicious misappropriation exists," the court may award exemplary damages in an amount up to twice compensatory damages.[1] The parties dispute the standard of evidence for proving willful and malicious misappropriation. Bimbo Bakeries

---

[1] Utah Code Ann. § 13-24-4(2).

argues for the preponderance of the evidence standard, while Defendants advocate use of the more demanding clear and convincing evidence standard.

The parties submitted proposed jury instructions as directed under the Trial Order.[2] Bimbo Bakeries submitted proposed instructions,[3] including instructions on the standard of evidence at No. 3 and willful trade secret misappropriation at No. 34.[4] Defendants, with the exception of Leland Sycamore, jointly filed proposed instructions,[5] which included an instruction on willful trade secret misappropriation at No. 34 requiring willfulness to be proved by *clear and convincing evidence*.[6] Those defendants also requested a preliminary jury instruction on the clear and convincing evidence standard in the instruction on standards of evidence.[7] At the final pretrial conference, further briefing was ordered on the appropriate standard of proof to justify exemplary damages under the UTSA.[8] Memoranda on the standard of

---

[2] Trial Order ¶ 2, docket no. 259, filed July 26, 2017.

[3] Proposed Jury Instructions by Bimbo Bakeries USA, Inc., docket no. 290, filed August 24, 2017.

[4] *Id.*, Bimbo Bakeries' Instruction No. 3 at 10; Instruction No. 34 at 45.

[5] Proposed Jury Instructions of Tyler Sycamore, United States Bakery, and Wild Grains Bakery, docket no. 288, filed August 25, 2017.

[6] *Id.*, Defendants' Instruction No. 34 at 16.

[7] Defendant United States Bakery, Inc.'s Objections to Preliminary Instructions at 2, docket no. 396, filed September 22, 2017 ("U.S. Bakery's Objection to Preliminary Instructions"); Tyler Sycamore's and Wild Grain Bakery LLC's Objections to Preliminary Instructions at 2, docket no. 399, filed September 22, 2017 ("Sycamore and Wild Grains' Objection to Preliminary Instructions").

[8] Minute Order from Proceedings Held Before Judge David Nuffer, docket no. 362, entered September 5, 2017.

evidence necessary to prove willful and malicious trade secret misappropriation were submitted by Bimbo Bakeries,[9] U.S. Bakery,[10] and Wild Grains and Tyler Sycamore.[11]

In light of these submissions from the parties and careful consideration of the applicable legal standards, the jury will be instructed on the clear and convincing evidence standard. Bimbo Bakeries will be eligible for exemplary damages only on a jury finding of willful and malicious trade secret misappropriation by *clear and convincing evidence*. However, Bimbo Bakeries will be eligible for attorneys' fees on a jury finding of willful and malicious trade secret misappropriation by the *preponderance of the evidence*. While the jury will make findings as to the standard of proof achieved by Bimbo Bakeries, the jury will not be informed of the effect of those findings.

## DISCUSSION

Bimbo Bakeries' trade secret claim derives from the UTSA, a provision of the Utah Code.[12] For claims brought under Utah law, the evidentiary standard for punitive damages is prescribed by statute:

> *Except as otherwise provided by statute*, punitive damages may be awarded only if compensatory or general damages are awarded and it is established *by clear and convincing evidence* that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.[13]

---

[9] Plaintiff Bimbo Bakeries USA, Inc.'s Supplemental Memorandum Regarding Standard of Proof for Willful Misappropriation of Trade Secrets ("Bimbo Bakeries' Brief re Standard"), docket no. 368, filed September 12, 2017.

[10] Defendant United States Bakery, Inc.'s Response to Plaintiff's Supplemental Memorandum Regarding Standard of Proof for Willful Misappropriation of Trade Secrets, docket no. 387, filed September 19, 2017 ("U.S. Bakery's Brief re Standard").

[11] Defendants Tyler Sycamore and Wild Grains Bakery LLC's Supplemental Briefing Regarding the Evidentiary Standard Applied to Willful and Malicious Trade Secret Misappropriation, docket no. 381, filed September 19, 2017 ("Sycamore and Wild Grains' Brief re Standard").

[12] Utah Code Ann. §§ 13-24-1 et seq.

[13] Utah Code Ann. § 78B-8-201(1)(a) (emphasis added).

A party seeking punitive damages on a Utah state law claim must prove entitlement by clear and convincing evidence unless a separate statute provides otherwise.[14]

The UTSA includes a provision on exemplary damages: "If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding [compensatory damages]."[15] However, this provision does not address the standard of evidence required for an award of exemplary damages on a trade secret claim. Some Utah statutes specifically refer to the standard of evidence,[16] and in those instances, the clear and convincing evidence standard has been supplanted. The Utah legislature has not, for a trade secret claim, expressly deviated from the standard for evidence set forth in § 78B-8-201(1)(a), and no such deviation will be inferred.

Bimbo Bakeries urges the court to follow precedent from federal patent law, which applies the preponderance of the evidence standard when assessing enhanced damages.[17] Bimbo Bakeries cites to The Tenth Circuit's decision in *ClearOne Communications v. Biamp Systems*, which recognizes that the Uniform Trade Secret Act follows patent law in allowing the judge to determine whether attorneys' fees should be awarded even if there is a jury.[18] The Uniform Trade Secret Act also follows federal patent law in leaving discretionary trebling to the judge even though there may be a jury.[19] The court's discretion in awarding attorneys' fees and

---

[14] *Id.*

[15] Utah Code Ann. §§ 13-24-4(2).

[16] Utah Code Ann. § 78B-8-201(1)(b)(i) (DUI liability); § 78B-8-201(1)(b)(ii) (wrongful death by controlled substance).

[17] Bimbo Bakeries' Brief re Standard at 9–10 (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1934 (2016)).

[18] *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1186 (10th Cir. 2011) (citing Unif. Trade Secrets Act § 4 cmt.).

[19] Unif. Trade Secrets Act § 3 cmt.

punitive damages notwithstanding the presence of a jury is a separate issue from the standard of evidence. Nothing in the *ClearOne* case or the comments to the Uniform Trade Secret Act suggest that trade secret damages were intended to follow patent damages in all respects, and no such intent will be inferred.

Bimbo Bakeries cites Ninth Circuit and Minnesota Court of Appeals decisions applying the preponderance of the evidence standard to determine willful and malicious misappropriation under the Uniform Trade Secrets Act .[20] However, the weight of persuasive authority, as cited by the Defendants,[21] follows the conclusion reached here that punitive damages in a trade secret case require a finding of willful and malicious misappropriation by clear and convincing evidence.[22]

This ruling resolves the parties' dispute about the standard of evidence for willful and malicious trade secret misappropriation as it pertains to punitive damages. However, the UTSA further also requires a finding of willful and malicious misappropriation to award reasonable attorneys' fees to a prevailing plaintiff.[23] A jury finding of willful and malicious trade secret

---

[20] Bimbo Bakeries' Brief re Standard at 5–7 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1111–12 (9th Cir. 2001) (applying Montana law); *Zawels v. Edutronics, Inc.*, 520 N.W.2d 520 (Minn. Ct. App. 1994)).

[21] Sycamore and Wild Grains' Brief re Standard at 4–7; U.S. Bakery's Brief re Standard at 2–3 (citing *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 666 (4th Cir.1993); *Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011) ("[T]he existence of willful and malicious misappropriation is ordinarily considered a fact that a jury must find by clear and convincing evidence."); *Biocore, Inc. v. Khosrowshahi*, 2004 WL 303194, at *4 (D. Kan. Feb. 2, 2004); *Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, 2014 WL 5034643, at *4 (S.D. Ohio Oct. 8, 2014), *aff'd in part, vacated in part on other grounds*, 796 F.3d 576 (6th Cir. 2015); *Centrol, Inc. v. Morrow*, 489 N.W.2d 890, 896 (S.D. 1992)).

[22] Little weight is given to the District of Utah decisions cited in the briefing because the standard of evidence was not sufficiently challenged and evaluated. *See Storagecraft Tech. Corp. v. Kirby*, No. 2:08-CV-00921, 2012 WL 4467519, at *2 (D. Utah Sept. 27, 2012) (applying the clear and convincing standard); *Russo v. Ballard Med. Prod.*, No. 2:05-CV-59 TC, 2007 WL 752164, at *2 n.5 (D. Utah Mar. 7, 2007) (declining in a footnote to revisit the standard of evidence on post-trial motions).

[23] Utah Code Ann. § 13-24-5.

misappropriation need only be by the preponderance of the evidence to allow the court to award attorneys' fees because § 78B-8-201(1)(a) applies only to punitive damages.

Accordingly, the special verdict form will make that distinction. A jury finding of trade secret misappropriation by clear and convincing evidence would support an award of exemplary damages and an award of attorneys' fees. If the jury does not find clear and convincing evidence of willful and malicious trade secret misappropriation, the special verdict form will ask whether Bimbo Bakeries has shown willful and malicious trade secret misappropriation by the preponderance of the evidence which would support assessing attorneys' fees.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendants objections to the preliminary jury instructions[24] are SUSTAINED. The jury will be instructed on the clear and convincing standard of evidence.

IT IS FURTHER ORDERED that the special verdict form will ask the jury, if they find trade secret misappropriation, whether Bimbo Bakeries has shown clear and convincing evidence of trade secret misappropriation. The special verdict form will further inquire, if the jury finds trade secret misappropriation but not clear and convincing evidence of willful and malicious

---

[24] U.S. Bakery's Objection to Preliminary Instructions; Sycamore and Wild Grains' Objection to Preliminary Instructions.

trade secret misappropriation, whether Bimbo Bakeries has shown willful and malicious trade secret misappropriation by the preponderance of the evidence.

Dated September 23, 2017.

BY THE COURT:

David Nuffer
United States District Judge