IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br> v. <br><br> LELAND SYCAMORE and UNITED STATES BAKERY, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RULING ON COMMENTS AND OBJECTIONS TO COURT'S PROPOSED FINAL JURY INSTRUCTIONS AND SPECIAL VERDICT FORM** <br><br> Case No. 2:13-cv-00749-DN-DBP <br><br> District Judge David Nuffer |

## INTRODUCTION

The Court's Proposed Jury Instructions and Special Verdict Form filed before trial invited comments and objections from the parties.[1] Responses to the Preliminary Instructions were addressed in a prior order.[2] Comments and objections to the Final Jury Instructions and Special Verdict Form have been submitted by plaintiff, Bimbo Bakeries USA, Inc. ("Bimbo Bakeries"),[3] and defendant United States Bakery, Inc. ("US Bakery").[4] Brief argument regarding the viability of false advertising claim based on literal falsity was heard on the morning of

---

[1] Notice re Court's Proposed Jury Instructions and Special Verdict Form, docket no. 378, filed September 18, 2017.

[2] Memorandum Decision and Order Ruling on Standard of Evidence in Jury Instruction and Sustaining [396] Objections to Preliminary Instructions by United States Bakery, and [399] Objections to Preliminary Instructions by Wild Grains Bakery, Tyler Sycamore, docket no. 407, filed September 23, 2017.

[3] Plaintiff Bimbo Bakeries USA, Inc.'s Comments and Objections to Proposed Jury Instructions and Special Verdict Form ("Bimbo Response"), docket no. 410, filed September 24, 2017.

[4] Defendant United States Bakery, Inc.'s Objections to Court's Proposed Final Jury Instructions ("US Bakery Response I"), docket no. 406, filed September 23, 2017; Defendant United States Bakery, Inc.'s Supplemental Comments and Objections to Court's Proposed Final Jury Instructions and Special Verdict Form ("US Bakery Response II"), docket no. 408, filed September 24, 2017.

October 3, 2017, and the parties submitted case authorities[5]. The parties' comments and objections are OVERRULED IN PART and SUSTAINED IN PART as set forth in this Memorandum Decision and Order. They jury will receive the Final Jury Instructions and Special Verdict Form as set forth in the forms attached hereto.

## DISCUSSION

### Global Changes

Bimbo Bakeries has requested certain global changes to the Final Jury Instructions and Special Verdict Form.[6] Each of these global changes is granted.

First, references to the phrase "Freshly Baked in Utah" have been removed from the Final Jury Instructions and Special Verdict Form because Bimbo Bakeries has withdrawn the portion of its false advertising claim based on that phrase.[7]

Second, references to Tyler Sycamore and Wild Grains as defendants in this action have been removed because Tyler Sycamore and Wild Grains were dismissed.[8]

Third, the jury instructions regarding false advertising will be presented before the instructions on trade secret misappropriation. The instructions are reordered to follow the order of the claims in the special verdict form and to reflect Bimbo Bakeries' presentation of evidence.[9] The change necessitates moving former Instruction No. 36 forward to

---

[5] Email from US Bakery dated October 3, 2017 Re Literal Falsity Authorities, docket no. 431, filed October 4, 2017; Email from Bimbo Bakeries dated October 3, 2017 Re Literal Falsity Authorities, docket no. 432, filed October 4, 2017; Email from US Bakery dated October 3, 2017 Re Literal Falsity Authorities, docket no. 433, filed October 4, 2017.

[6] Bimbo Response at 2–3.

[7] *Id.* at 3.

[8] Order Granting Joint Motion to Dismiss Plaintiff's Claims against Defendants Tyler Sycamore and Wild Grains Bakery, LLC with Prejudice, docket no. 411, filed September 25, 2017.

[9] Bimbo Response at 2.

Instruction No. 29 to instruct the jury on calculating profits in conjunction with the first jury instruction raising the issue of profits.

**Final Jury Instructions**

*Instruction on Stipulated Facts Replaced with Instruction on Demonstrative Exhibits: No. 17*

The parties have not stipulated to facts. An instruction on stipulated facts is not necessary and has been removed. The instruction has been replaced with an instruction explaining demonstrative exhibits and their use.

*False Advertising—Essential Elements: No. 25*

The jury instruction explaining the elements of a false advertising claim refer to "material false or misleading representations of fact in connection with the advertising or promotion of [US Bakery's] products." Following the testimony of US Bakery's witnesses, including Todd Cornwell, the jury would benefit from an instruction on what constitutes "advertising or promotion" for purposes of a false advertising claim. Instruction No. 25 has been revised to include the test for "advertising or promotion" developed by the federal courts under the Lanham Act and adopted in the Tenth Circuit.[10]

*Definition of Trade Secret: Former No. 26 (Now No. 34)*

A pretrial order rejects the defendants' proposed jury instruction that "[c]ertain information loses protection as a trade secret if it has been merged into a person's own faculties, skill, and experience."[11] US Bakery has objected to the exclusion of this statement from the jury instructions.[12] US Bakery argues that the proposed instruction is consistent with the Utah

---

[10] *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262 (10th Cir. 2000) (citing and adopting the test set out in *Gordon & Breach Sci. Publishers, S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535–36 (S.D.N.Y.1994)); *Grubbs v. Sheakley Group, Inc.*, 807 F.3d 785, 799–801 (6th Cir. 2015).

[11] Memorandum Decision and Order Ruling on Defendants' Proposed Jury Instruction No. 26 (Loss of Trade Secret Protection by Merger) ("Merger Order"), docket no. 390, filed September 20, 2017.

[12] US Bakery Response I at 2–3.

Supreme Court's ruling in *Microbiological Research Corp. v. Muna*.[13] As explained in the prior order on this instruction, the *Microbiological* case quotes directly from a statement in a treatise that has been withdrawn in the subsequent edition of the treatise.[14] The proposed instruction is not a reliable statement of Utah law. US Bakery's objection is overruled.

Bimbo Bakeries objects to the Definition of Trade Secret instruction because it instructs the jury that "[i]f a defendant could reverse-engineer the components of a formula or process by performing basic research, or if the information is available from public sources, the information cannot constitute a trade secret." This is an accurate statement of the law.[15] Bimbo Bakeries' objection is overruled.

*Definition of Misappropriation: Former No. 28 (Now No. 36)*

Bimbo Bakeries favors the word "used" over "utilized" in the Definition of Misappropriation instruction. The term "use" appears elsewhere in the instructions as a simpler synonym of "utilize." For consistency, the instruction has been revised as requested to read: "derived from or through a person who had *used* improper means to acquire it."

*An Employee's General Knowledge, Skill, or Experience: Former No. 30 (Now No. 38)*

References to former defendants Tyler Sycamore and Wild Grains have been removed from this instruction.

*Innocently Acquired Trade Secrets: Former No. 33 (Now No. 41)*

US Bakery objects to including a jury instruction on innocently acquired trade secrets.[16] US Bakery has not shown that the instruction is an inaccurate statement of the law. The objection

---

[13] 625 P.2d 690, 697 (Utah 1981).

[14] *Id.* (citing 2 Callman Unfair Competition, Trademarks and Monopolies (3rd Ed.), § 54.2(a), pp. 418–419); Merger Order at 2.

[15] Utah Code Ann. § 13-24-2(4)(a) (requiring that information not be generally known or readily ascertainable by proper means to qualify as a trade secret).

[16] US Bakery Response I at 3.

is overruled. However, the decision to present the instruction to the jury is reserved and will be included only if evidence is presented that the alleged trade secret was innocently acquired.

References to former defendants Tyler Sycamore and Wild Grains have been removed from this instruction.

*Trade Secret Misappropriation—Willfulness: Former No. 40 (Now No. 47)*

Consistent with the prior order ruling on the standard of evidence, the jury will be instructed on the "clear and convincing" standard in addition to the "preponderance of the evidence" standard.[17] US Bakery's objection in favor of the "clear and convincing" standard[18] is moot because instruction on the "clear and convincing" standard has been accepted. Bimbo Bakeries' objection to instruction on the "clear and convincing" standard[19] is overruled.

*False or Misleading Representations: Former No. 42 (Now No. 26)*

Bimbo Bakeries does not intend to argue liability based on the phrase "Freshly Baked in Utah" at trial,[20] which means that Bimbo Bakeries' false advertising claim is based only on the tagline "Fresh. Local. Quality." US Bakery contends that Bimbo Bakeries has not argued that the remaining "Fresh. Local. Quality." is literally false.[21] Therefore, US Bakery objects to instructing the jury that there are two ways to show false or misleading advertising—(1) literally false or (2) literally true or ambiguous and likely to mislead or confuse consumers. Bimbo Bakeries disputes US Bakery's characterization of the false advertising argument and responds that its position is indeed that the "Fresh. Local. Quality." tagline is literally false.[22]

---

[17] Memorandum Decision and Order Ruling on Standard of Evidence Jury Instruction, docket no. 407, filed September 23, 2017.

[18] US Bakery Response I at 3.

[19] Bimbo Response at 4.

[20] *Id.* at 3.

[21] US Bakery Response I at 4.

[22] Email from Counsel for Bimbo Bakeries Dated September 29, 2017, lodged at docket no. 426 on October 2, 2017.

US Bakery's objection is overruled. A plaintiff may show that a statement made in commercial advertising or promotion is literally false "either on its face or by necessary implication."[23] If a plaintiff cannot show literal falsity, the plaintiff may still show false advertising by proving that a literally true or ambiguous statement is likely to mislead or confuse consumers.[24] Bimbo Bakeries continues to pursue the argument that the "Fresh. Local. Quality." tagline is (1) literally false, or (2) if not literally false, likely to mislead or confuse consumers.[25] "Whether an advertisement is literally false is an issue of fact."[26] The jury must decide the issue.[27] The instructions on literal falsity will be included.

*Materiality: Former No. 43 (Now No. 27)*

Based on Bimbo Bakeries' decision not to argue liability based on the phrase "Freshly Baked in Utah" at trial,[28] US Bakery has objected to the jury instructions about the presumption of materiality that attends a literally false advertisement. However, Bimbo Bakeries continues to pursue the argument that the "Fresh. Local. Quality." tagline is literally false.[29] US Bakery's objection is overruled.

---

[23] *Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed. Appx. 978, 983 (10th Cir. 2004) (unpublished) (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

[24] *Intermountain Stroke Center, Inc. v. Intermountain Health Care, Inc.*, 638 Fed. Appx. 778, 785 (10th Cir. 2016).

[25] Email from Counsel for Bimbo Bakeries Dated September 29, 2017, lodged at docket no. 426 on October 2, 2017.

[26] *Zoller Labs.*, 111 Fed. Appx. at 983 (quoting *C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P.*, 131 F.3d 430, 434 (4th Cir. 1997)).

[27] This conclusion is reached notwithstanding the decision relied upon by US Bakery in *Honeywell Internat'l Inc. v. ICM Controls Corp.*, 45 F.Supp.3d 969 (D. Minn. 2014) (finding on summary judgment that "Made in the U.S.A." is not unambiguous enough to support a literal falsity theory under the Lanham Act.) Unlike "local," that phrase was subject to many applicable or analogous regulatory interpretations. Literal falsity is a question of fact for the jury, and the instructions on that issue are followed by instructions on a literally true or ambiguous statement which is misleading or likely to deceive.

[28] Bimbo Response at 3.

[29] Email from Counsel for Bimbo Bakeries dated September 29, 2017, lodged at docket no. 426 on October 2, 2017.

***Damages for False Advertising: Former No. 44 (Now No. 28)***

Based on Bimbo Bakeries' representation that it is no longer seeking to recover actual damages for false advertising,[30] the jury need not be instructed on that subject. References to the amount of actual damages have been removed. Bimbo Bakeries' requested this revision: "[Damages proximately caused by US Bakery's false advertising] may include profits Bimbo Bakeries lost *due to a loss of market share caused by* the false advertising" (emphasis shows revision).[31] This change reflects that Bimbo Bakeries does not intend to prove actual damages in the form of its own lost profits; rather, Bimbo Bakeries intends to show a loss of market share. Bimbo Bakeries' proposed revisions did not go far enough to address Bimbo Bakeries' position on actual damages. The amended instructions attached to this order reflect additional necessary changes.

Because Bimbo Bakeries' has decided not to argue liability based on the phrase "Freshly Baked in Utah" at trial,[32] the second paragraph of the instruction directing the jury to decide damages for that phrase separately has been removed.

***Damages for False Advertising—US Bakery's Profits: Former No. 45 (Now No. 29)***

Based on Bimbo Bakeries' representation that it is no longer seeking to recover actual damages for false advertising,[33] the jury need not be instructed how actual damages impact the measure of damages. The statement in Instruction No. 29 (formerly Instruction No. 45) that the jury "may not include in any award of US Bakery's profits any amount of Bimbo Bakeries' lost

---

[30] *Id.* at 5 ("[Bimbo Bakeries] does not intend to seek an award of actual damages for lost profits due to [US Bakery's] false advertising, but rather only a jury finding that it did indeed suffer actual damages.").

[31] *Id.* at 4.

[32] *Id.* at 3.

[33] *Id.* at 5 ("[Bimbo Bakeries] does not intend to seek an award of actual damages for lost profits due to [US Bakery's] false advertising, but rather only a jury finding that it did indeed suffer actual damages.").

profits that [were] included in determining actual damages" no longer applies. This change is reflected in Instruction No. 29.

**Special Verdict Form**

*US Bakery's Comments and Objections*

US Bakery argues that the Special Verdict Form must "ask whether the purported false advertising caused, or was likely to cause, actual consumer confusion."[34] US Bakery also argues that the form must include a "question regarding materiality."[35] Both issues—actual consumer confusion and materiality—are covered in the jury instructions on false advertising.[36] The objections are overruled. The jury will be expected to rely upon the instructions in responding to Question No. 1: "Has US Bakery engaged in false advertising by using the words 'Fresh. Local. Quality' in connection with the advertising or promotion of its products?"

US Bakery objects to Question No. 5 on Trade Secret Misappropriation. The objection is overruled. After asking in Question No. 4 whether the jury finds willful and malicious trade secret misappropriation by clear and convincing evidence, Question No. 5 asks whether the jury finds willful and malicious trade secret misappropriation by the preponderance of the evidence. Question No. 5 will not be posed unless the jury first finds trade secret misappropriation and then finds no clear and convincing evidence of willful and malicious misappropriation. In that event, the court would have no fact determination on which to base an award of attorneys' fees, which

---

[34] US Bakery Response I at 5.

[35] *Id.*

[36] Jury Instructions Nos. 25–27.

requires willful and malicious misappropriation.[37] Therefore, Trade Secret Question No. 5 is necessary.

*Bimbo Bakeries' Comments and Objections*

Bimbo Bakeries objects to including the clear and convincing standard of proof in the Special Verdict Form. The objection is overruled for the reasons stated in the order accepting the clear and convincing standard for finding willful and malicious trade secret misappropriation for purposes of assessing exemplary damages.[38]

Bimbo Bakeries also requests that False Advertising Question No. 2 be revised to ask whether Bimbo Bakeries suffered actual damages rather than the amount of actual damages. The request is granted. This revision is consistent with Bimbo Bakeries' decision to no longer seek to recover actual damages for false advertising.[39]

## ORDER

IT IS HEREBY ORDERED that the comments and objections of Bimbo Bakeries and US Bakery are OVERRULED IN PART and SUSTAINED IN PART.

Subject to further objections filed before 10:00 p.m. today, the jury will receive the Final Jury Instructions and Special Verdict Form as set forth in the forms attached hereto.

Dated October 4, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[37] Utah Code Ann. § 13-24-5 ("If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party.").

[38] Memorandum Decision and Order Ruling on Standard of Evidence Jury Instruction, docket no. 407, filed September 23, 2017.

[39] Bimbo's Response at 5 ("[Bimbo Bakeries] does not intend to seek an award of actual damages for lost profits due to [US Bakery's] false advertising, but rather only a jury finding that it did indeed suffer actual damages.").

9