IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LELAND SYCAMORE and UNITED STATES BAKERY, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [473] DEFENDANT LELAND SYCAMORE'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON STATUTE OF LIMITATIONS GROUNDS OR FOR NEW TRIAL** <br><br> Case No. 2:13-cv-00749-DN-DBP <br><br> District Judge David Nuffer |

Defendant Leland Sycamore ("Sycamore") filed a Motion for Judgment as a Matter of Law on Statute of Limitations Grounds or for New Trial (the "Motion").[1] Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") opposes the Motion (the "Opposition").[2] Sycamore seeks a judgment barring the trade secret misappropriation claim on statute of limitations grounds, or a new trial to address the statute of limitations issue. The statute of limitations was not tried or submitted to the jury, which means judgment as a matter of law under Rule 50 is improper. And the decision to deny Sycamore leave to amend his answer to include the statute of limitations defense will not be reconsidered. Therefore, the Motion is denied.

---

[1] Docket no. 473, filed November 3, 2017.

[2] Plaintiff's Opposition to Sycamore's Motion for Judgment as a Matter of Law on Statute of Limitations Grounds or for New Trial ("Opposition"), docket no. 493, filed November 17, 2017.

# BACKGROUND

After Bimbo Bakeries' case in chief at trial, Sycamore moved to amend his answer (the "Motion to Amend")[3] to add an affirmative defense that the trade secret misappropriation claim against him is barred by the three-year statute of limitation in the Utah Uniform Trade Secret Act (the "UTSA").[4] The Motion to Amend was denied under Rule 15(b)[5] because the amendment was untimely and because Bimbo Bakeries did not consent to trying the statute of limitations issue.[6] Sycamore's concurrent motion for judgment on the matter of law on the statute of limitations was denied on the same grounds.[7] Sycamore now moves for judgment as a matter of law under Rule 50(b), which permits a party to renew its motion for judgment as a matter of law after a jury verdict.[8]

# DISCUSSION

## The Motion Is Not Governed by Rule 50.

Although the Motion is brought as a motion for judgment as a matter of law, Rule 50 does not apply to Sycamore's instant Motion.[9] Rule 50 permits the court to assess the sufficiency of the evidence "[i]f a party has been fully heard on an issue during a jury trial."[10] Under Rule 50, a judge may grant judgment as a matter of law at trial or submit the issue to the jury subject

---

[3] Leland Sycamore's Motion for Leave to Amend Answer ("Motion to Amend"), docket no. 422, filed September 30, 2017.

[4] Utah Code Ann. § 13-24-7.

[5] Fed. R. Civ. P. 15(b).

[6] Docket Text Order Denying Leland Sycamore's Motion for Leave to Amend Answer and Denying Motion for Judgment As a Matter of Law on Statute of Limitations Grounds ("DTO Denying Motion to Amend"), docket no. 429, filed October 2, 2017.

[7] *Id.*

[8] Fed. R. Civ. P. 50(b).

[9] Fed. R. Civ. P. 50.

[10] Fed. R. Civ. P. 50(a)(1).

to a renewed motion for judgment as a matter of law after the issue is decided by the verdict.[11] In this case, Sycamore's statute of limitations defense was not rejected by the jury or even submitted to the jury; rather, the affirmative defense was excluded from trial altogether.[12] The sufficiency of the evidence on the statute of limitations defense cannot be assessed because, although evidence of the timeline of events was introduced as part of Bimbo Bakeries' presentation of evidence on its trade secret misappropriation claim, the statute of limitations defense was not "fully heard" during the jury trial. As the Motion to Amend was denied, the jury did not decide the statute of limitations issue, nor were they instructed on the statute of limitations for trade secret misappropriation.[13]

## The Motion to Amend Will Not Be Reconsidered.

Sycamore's Motion is, in substance, a motion to reconsider the denial of Sycamore's Motion to Amend his answer. The Motion to Amend was already decided by an October 2, 2017 order.[14] Motions to reconsider, to the extent such motions are recognized, are disfavored.[15]

Sycamore did not satisfy Rule 15(b) for amendments to the pleading during trial.[16] Rule 15(b)(2) does not apply because Bimbo Bakeries did not expressly or implicitly consent to trial of the statute of limitations issue.[17] Rule 15(b)(1) applies when a party objects to evidence offered at trial that "is not within the issues raised in the pleadings."[18] Bimbo Bakeries at no

---

[11] Fed. R. Civ. P. 50(b).

[12] DTO Denying Motion to Amend.

[13] Jury Instructions, docket no. 452, filed October 6, 2017.

[14] DTO Denying Motion to Amend.

[15] *Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (explaining that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'").

[16] Fed. R. Civ. P. 15(b).

[17] DTO Denying Motion to Amend.

[18] Fed. R. Civ. P. 15(b)(1).

3

point objected to an attempt by Sycamore to introduce evidence on the statute of limitations. Instead, Sycamore sought to amend his answer to add an affirmative defense, a new legal theory, based on the evidence elicited by Bimbo Bakeries about the timing of Sycamore initial disclosure of the trade secret in 2008.[19]

Sycamore waived the statute of limitations by not pleading the affirmative defense in his answer to the complaint,[20] in his answer to the amended complaint,[21] or at any time prior to the middle of trial.[22] The statute of limitations is an affirmative defense that is waived if not pleaded in the answer.[23] The statute of limitations defense is specifically listed as an affirmative defense subject to waiver under Rule 8(c)(1).[24] A defendant generally bears the burden of both pleading and proving a statute of limitations affirmative defense.[25] Sycamore did not carry that burden. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend."[26] Because Sycamore, the party seeking to amend a pleading, knew or should have known of the facts upon which the proposed amendment is based but failed to include the affirmative defense in his original pleading, the Motion to Amend is subject to denial.[27]

---

[19] Motion to Amend.

[20] Answer of Leland Sycamore, docket no. 9, filed August 27, 2013.

[21] Answer of Leland Sycamore to Bimbo Bakeries' First Amended Complaint at 15–18, docket no. 38, filed December 29, 2014.

[22] Motion to Amend.

[23] *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1303–04 (10th Cir. 2003). *See also Staker v. Huntington Cleveland Irr. Co.*, 664 P.2d 1188, 1190 (Utah 1983) ("As a general proposition, we will not reverse a trial court's denial of a motion to amend, made at the commencement of or during trial, to assert the statute of limitations as a defense.").

[24] Fed. R. Civ. P. 8(c)(1).

[25] *Youren*, 343 F.3d at 1302.

[26] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[27] *Id.* at 1366.

**Sycamore's Delayed Assertion of the Statute of Limitations Is Unjustified.**

Sycamore's assertion that he learned of the facts on which he could base a statute of limitations defense during Bimbo Bakeries' case in chief[28] is rejected. Under Utah Code § 13-24-7, an action for misappropriation must be "brought within three years after the misappropriation is discovered or, by the exercise of reasonable diligence, should have been discovered."[29] In applying this statute of limitations, the UTSA provides that "a continuing misappropriation constitutes a single claim,"[30] which means Utah law applies the "single claim theory." Under the single claim theory, the statute of limitations begins to run once a plaintiff learns a defendant improperly disclosed trade secrets.[31] A claim for misappropriation of a trade secret arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation, subject to the discovery rule.[32] The single claim rule can work to the disadvantage of a plaintiff pursing a claim against a particular defendant for trade secret misappropriation that unfolded over time with an early first disclosure of the trade secret. In such cases, the statute of limitations runs from the first disclosure, subject to the discovery rule, notwithstanding use or acquisition of the trade secret even years later.

The single claim rule applies equally to a defendant claiming protection under the statute of limitations. Sycamore cannot say he did not know that his 2008 disclosure gave rise to a statute of limitations defense. Sycamore argues that he did not plead a statute of limitations

---

[28] Sycamore's Reply Memorandum in Support of His Motion for Judgment As a Matter of Law on Statute of Limitation Grounds at 3, docket no. 518, filed December 21, 2017.

[29] Utah Code Ann. § 13-24-7.

[30] *Id.*

[31] *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1217 (10th Cir. 2000) (applying the Colorado statute based on the Uniform Trade Secret Act, which mirrors the UTSA).

[32] *Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 704–05 (6th Cir. 2015) (explaining the "single claim" approach under the Uniform Trade Secret Act).

defense earlier because he assumed Bimbo Bakeries would present evidence of post-2008, intervening acts of misappropriation.[33] However, such evidence would have had no bearing on the statute of limitations, which began to run from Sycamore's first act of misappropriation against Bimbo Bakeries and its predecessors. Sycamore's statute of limitations defense was available from the outset of this case. The defense was not pleaded; it was waived; and the untimely Motion to Amend to include the defense was properly denied.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[34] is DENIED.

Dated March 2, 2018.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[33] Motion at 9–11.

[34] Docket no. 473.