IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC.,<br><br>    Plaintiff,<br>v.<br><br>LELAND SYCAMORE and UNITED STATES BAKERY, INC.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING IN PART [481] PLAINTIFF'S MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES AND**<br>• **GRANTING [483] PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**<br><br>Case No. 2:13-cv-00749-DN-DBP<br><br>District Judge David Nuffer |

  Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") brought a claim for trade secret misappropriation against defendants Leland Sycamore ("Sycamore") and United States Bakery, Inc. ("U.S. Bakery"), as well as a claim for false advertising against U.S. Bakery. At trial, Bimbo Bakeries asserted in support of its trade secret claim that Sycamore revealed Bimbo Bakeries' secret recipe for Grandma Sycamore's brand "granny" style white bread, which U.S. Bakery obtained and used in the production of its own granny bread. Bimbo Bakeries asserted in support of its false advertising claim that U.S. Bakery's use of the word "local" in the tagline "Fresh. Local. Quality." was misleading in markets, including Utah, where U.S. Bakery's bread was baked out of state. The jury returned a verdict in favor of Bimbo Bakeries on both claims.[1]

  This order resolves two post-trial motions. The parties were ordered to submit briefing on how the court should apply the statutes governing remedies for trade secret and false advertising

---

[1] Jury Verdict ("Verdict"), docket no. 451, filed October 10, 2017.

claims to the jury verdict to arrive at a judgment.[2] In response, Bimbo Bakeries filed a Motion for Enhanced Damages and Attorneys' Fees (the "Damages Motion").[3] Both U.S. Bakery[4] and Sycamore[5] opposed the Damages Motion and argued to reduce the jury award and argued against an award of attorneys' fees.

The Damages Motion is granted in part. Judgment on the false advertising claim will be limited to the disgorgement of U.S. Bakery's profits resulting from false advertising, as found by the jury. That figure, which does not reflect Bimbo Bakeries' actual damages, will not be enhanced. Judgment on the trade secret claim will be enhanced to include some exemplary damages against U.S. Bakery and attorneys' fees against both defendants based on the jury's finding of willful and malicious misappropriation. The judgment is summarized as follows:

|  | **Trade Secret (U.S. Bakery)** | **Trade Secret (Sycamore)** | **False Advertising (U.S. Bakery)** |
|---|---|---|---|
| *Compensatory Damages* | $1,578,942 | $526,314 | $8,027,720 |
| *Exemplary Damages* | $789,471 | None | None |
| *Attorneys' Fees* | Awarded subject to motion | Awarded subject to motion | None |

Bimbo Bakeries also filed a Motion for Permanent Injunction (the "Injunction Motion").[6] Bimbo Bakeries is entitled to a permanent injunction, enjoining the defendants from any further

---

[2] Order Setting Briefing Schedule Re: Damages on the Jury Verdict, docket no. 453, filed October 10, 2017.

[3] Motion for Enhanced Damages and Attorneys' Fees ("Damages Motion"), docket no. 481, filed November 13, 2017.

[4] Defendant United States Bakery's Opposition to Plaintiff's Motion for Enhanced Damages and Attorneys' Fees, docket no. 503, filed December 8, 2017.

[5] Sycamore's Opposition to Bimbo's Motion for Enhanced Damages and Attorney's Fees, docket no. 498, filed December 7, 2017.

[6] Plaintiff Bimbo Bakeries USA, Inc.'s Motion for Permanent Injunction and Memorandum in Support, docket no. 483, filed November 13, 2017.

2

misappropriation of Bimbo Bakeries' trade secret. Bimbo Bakeries has shown actual success on the merits of its trade secret claim, irreparable harm, and a balance of injury in its favor. The injunction will not adversely affect the public interest. The permanent injunction can be tailored in scope to address the cognizable danger of a recurrent violation of Bimbo Bakeries' rights in the trade secret. Therefore, the Injunction Motion is granted.

**Table of Contents**

Background ............................................................................................................................. 3
Discussion .............................................................................................................................. 4
    Judgment on the False Advertising Claim Is Limited to Disgorged Profits. ...................... 4
    Judgment on the Trade Secret Claim Will Include Exemplary Damages and Fees. .......... 7
    A Permanent Injunction Will Be Entered on the Trade Secret Claim. ............................... 9
        Bimbo Bakeries Has Succeeded on the Merits. .......................................................... 9
        Bimbo Bakeries Will Suffer Irreparable Harm Without a Permanent Injunction. . 9
        The Balance of Hardships Favors the Injunction. ................................................... 10
        Public Interest Favors the Injunction. ...................................................................... 11
        The Injunction Can Be Tailored to the Threat of Recurrent Violation. ................. 11
Order ................................................................................................................................... 12

## BACKGROUND

The jury returned a verdict in favor of plaintiff Bimbo Bakeries on the claim for trade secret misappropriation and on the claim for false advertising.

On the trade secret misappropriation claim, the jury found:[7]

- Bimbo Bakeries has a protectable trade secret.

- U.S. Bakery misappropriated the trade secret and is responsible for damages in the amount of $1,578,942.

- By clear and convincing evidence, U.S. Bakery's misappropriation was willful and malicious.

- Sycamore also misappropriated the trade secret and is responsible for damages totaling $526,314.

- By the preponderance of the evidence, but not clear and convincing evidence, Sycamore's misappropriation was willful and malicious.

---

[7] Verdict at 2–4.

On the false advertising claim, the jury found:[8]

- US Bakery engaged in false advertising by using the word "local" in the tagline "Fresh. Local. Quality." in advertising or promoting its products.

- Bimbo Bakeries suffered actual damages as a result of the false advertising.

- US Bakery's false advertising was willful.

- US Bakery received $8,027,720 in profits as a result of its false advertising.

## DISCUSSION

To reach a final judgment in this case, the jury's verdict must be applied to the statutes governing the remedies for Bimbo Bakeries' claims. Under the sections of the Lanham Act addressing false advertising claims, Bimbo Bakeries is entitled to disgorged profits but not to exemplary damages or attorneys' fees. Under Utah's Uniform Trade Secret Act ("UTSA"), Bimbo Bakeries is entitled to the damages found by the jury plus some exemplary damages and attorneys' fees.

**Judgment on the False Advertising Claim Is Limited to Disgorged Profits.**

Section 1117 of the Lanham Act establishes the remedies for false advertising claims.[9] A successful plaintiff is entitled to recover (1) defendant's profits; (2) any damages sustained by the plaintiff; and the (2) costs of the action.[10]

Under Section 1117(a), "the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."[11] The jury found Bimbo Bakeries suffered actual damages as a result of U.S. Bakery's

---

[8] Verdict at 1–2.

[9] 15 U.S.C. § 1117(a).

[10] *Id.*

[11] *Id.*

false advertising.[12] At Bimbo Bakeries' request, however, the verdict form did not ask the jury to *quantify* Bimbo Bakeries' actual damages.[13] Because the jury did not find an amount of actual damages, there is no basis to determine what three times actual damages—the upper limit for a judgment on the false advertising claim—might be. Because no amount of actual damages was awarded, the judgment on the false advertising claim cannot be based on Bimbo Bakeries' actual damages or any multiplier of its actual damages.

Instead, the finding that Bimbo Bakeries suffered actual damages—answered by the jury in the affirmative without an amount—permits a judgment against U.S. Bakery for its profits resulting from false advertising.[14] The jury found U.S. Bakery received $8,027,720 in profits resulting from U.S. Bakery's false advertising.[15] The figure reflects the total of all profits for U.S. Bakery's sales of bread using the challenged tagline with no deduction to account for reasons other than the false advertising that customers may have purchased U.S. Bakery's bread products.[16] By implication, the jury found that all of U.S. Bakery's sales under the tagline "Fresh. Local. Quality." were the result of the misleading term "local."

Equitable factors weigh in favor of disgorging U.S. Bakery's profits, including (1) the jury's finding that the false advertising was willful, (2) evidence of Bimbo Bakeries' lost sales,

---

[12] Verdict at 1 (Question 2).

[13] Memorandum Decision and Order Ruling on Comments and Objections to Court's Proposed Final Jury Instructions and Special Verdict Form, docket no. 434, filed October 4, 2017 ("Bimbo Bakeries also requests that False Advertising Question No. 2 be revised to ask whether Bimbo Bakeries suffered actual damages rather than the amount of actual damages. . . . This revision is consistent with Bimbo Bakeries' decision to no longer seek to recover actual damages for false advertising.").

[14] *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013) (finding that plaintiffs must show either actual damages or willful action on the part of the defendant as a prerequisite to recover disgorgement of profits under the Lanham Act).

[15] Verdict at 2 (Question 4).

[16] *Klein-Becker*, 711 F.3d at 1163 (explaining that the plaintiff is required to prove defendant's sales only, while the defendant has the burden of proving all elements of cost or deduction claimed).

(3) U.S. Bakery's direct role in marketing its products under the "Fresh. Local. Quality." tagline; and (4) the inadequacy of Bimbo Bakeries' unquantified actual damages.[17] Therefore, the judgment for false advertising will be based on disgorgement of profits.

No attorneys' fees will be awarded for the false advertising claim. Section 1117(a) provides that a district court "in exceptional cases may award reasonable attorney fees to the prevailing party."[18] Applying Section 1117(a), the Supreme Court has held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[19] Nothing in the record shows that U.S. Bakery litigated in an unreasonable matter. To the contrary, the issues were close, and U.S. Bakery meaningfully challenged Bimbo Bakeries on whether the use of "local" was false and whether the use of "local" caused, or was likely to cause, consumer confusion. Although U.S. Bakery lost on the false advertising claim, its defense does not stand out as unusually weak or unreasonable. The case is not exceptional, and no attorneys' fees will be awarded on the false advertising claim.

In summary, judgment on the false advertising claim will be entered in the amount of $8,027,720, U.S. Bakery's profits from false advertising as determined by the jury, without actual damages, enhanced actual damages, or attorneys' fees on that claim.

---

[17] *Klein-Becker*, 711 F.3d at 1162 (analyzing equitable considerations in awarding disgorgement of profits); *HipSaver Co., Inc. v. J.T. Posey Co.*, 497 F.Supp.2d 96, 109 (D. Mass. 2007) (identifying the primary equitable factors for awarding disgorgement of profits under Restatement (Third) of Unfair Competition § 37(2)).

[18] 15 U.S.C. § 1117(a).

[19] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).

**Judgment on the Trade Secret Claim Will Include Exemplary Damages and Fees.**

The remedy for trade secret misappropriation is governed by Utah law under the UTSA.[20] The jury found that both U.S. Bakery and Sycamore misappropriated Bimbo Bakeries' trade secret.[21] The jury set $2,105,256 in compensatory damages, allocating twenty-five percent to Sycamore and seventy-five percent to U.S. Bakery.[22] The UTSA provides that exemplary damages and attorneys' fees may be awarded if "willful and malicious" misappropriation is shown.[23]

Exemplary damages against U.S. Bakery are proper based on the jury's finding by clear and convincing evidence that U.S. Bakery's misappropriation was willful and malicious.[24] Bimbo Bakeries argues in its Damages Motion that the court should "exercise its discretion under the UTSA to double the jury's damages award."[25] The circumstances of this case support a less exacting amount. Factors influencing whether to award exemplary damages and the amount of exemplary damages include: (1) the deliberateness of the defendant's actions; (2) the defendant's good-faith belief that it was not misappropriating a trade secret; (3) the defendant's behavior as a party in litigation; (4) the defendant's size and financial condition; (5) the closeness of the case; (6) the duration of the defendant's misconduct; (7) the presence of any remedial action by the defendant; (8) the defendant's motivation for harm; and (9) the defendant's attempts to conceal its misconduct.[26]

---

[20] Utah Code § 13-24-4.

[21] Verdict at 2 (Question 2).

[22] Verdict at 3.

[23] Utah Code § 13-24-4, -5.

[24] Verdict at 3 (Question 5).

[25] Damages Motion at 22.

[26] *USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 660 (Utah 2016) (adopting the factors outlined in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827–28 (Fed. Cir. 1992)).

Of these factors, only a few weigh in favor of exemplary damages. U.S. Bakery's misappropriation was found to be willful and malicious.[27] Because a former Sycamore employee transmitted the recipe, U.S. Bakery could not have a good faith belief that it was not misappropriating a trade secret. The misconduct continued for nearly four years. U.S. Bakery has, on this record, made no attempt at remediation and, until the verdict, denied the misappropriation and to that extent concealed the conduct. But, on the other hand, nothing in the record shows that U.S. Bakery litigated in an unreasonable matter. The issues were closely litigated, not susceptible of summary judgment. U.S. Bakery is the smaller company with a fractional market share compared to Bimbo Bakeries. And a desire to harm, aside from competition, was not shown. Based on these factors—and taking into consideration the significant amount of profits disgorged on the false advertising claim—exemplary damages in the amount of fifty percent of the compensatory damages,[28] or $789,471, will be awarded.

Based on the jury's finding of willful and malicious misappropriation against both defendants by at least a preponderance of the evidence, reasonable attorneys' fees are awarded against both defendants on the trade secret claim.[29] A record must yet be made for determining what Bimbo Bakeries' reasonable attorneys' fees are, and which fees are properly attributable to the trade secret claims as opposed to the false advertising claim (for which no fees are awarded) and the other, previously dismissed, claims. Accordingly, Bimbo Bakeries shall file a motion supported by proof to establish its attorneys' fees, to which the defendants will be permitted a response.

---

[27] Verdict at 3 (Question 5).

[28] *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860 (Fed. Cir. 1997) (upholding a district court's decision to enhance damages by only ten percent where factors did not weight uniformly in favor of exemplary damages).

[29] Utah Code § 13-24-5.

**A Permanent Injunction Will Be Entered on the Trade Secret Claim.**

Plaintiff Bimbo Bakeries seeks a permanent injunction against the defendants[30] based on the jury's finding that the defendants have misappropriated Bimbo Bakeries' trade secret.[31] "For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[32] The Tenth Circuit has held with respect to permanent injunctions that "a district court is bound both by a jury's explicit findings of fact and those findings that are necessarily implicit in the jury's verdict."[33] The jury's findings on Bimbo Bakeries' trade secret claim compel a permanent injunction in this case.

*Bimbo Bakeries Has Succeeded on the Merits.*

Where a preliminary injunction requires the plaintiff to show the *likelihood* of success on the merits, a permanent injunction requires *actual* success on the merits. Bimbo Bakeries satisfies this condition. The jury found in favor of Bimbo Bakeries on the misappropriation of trade secrets claim against both U.S. Bakery and Sycamore.[34]

*Bimbo Bakeries Will Suffer Irreparable Harm Without a Permanent Injunction.*

Bimbo Bakeries also has shown that irreparable harm will result unless the injunction is granted. Under the UTSA, there is a presumption of irreparable harm where trade secret

---

[30] Injunction Motion.

[31] Verdict at 2 (Question 2).

[32] *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th 2009); *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007).

[33] *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229, 1240 (10th Cir. 2010) (quoting *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 912–13 (10th Cir. 2004)).

[34] Verdict at 2 (Question 2).

misappropriation is found.[35] The presumption is rebuttable if a defendant can show a trade secret no longer exists, but a plaintiff need not prove economic harm or the likelihood of additional disclosures.[36] Rather, "irreparable harm findings are based on such factors as the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position."[37] The irreparable harm element is satisfied. The jury found willful and malicious trade secret misappropriation. As is typical of trade secret cases, Bimbo Bakeries would not be able to repair the loss to its brand and market position resulting from further misappropriation of the Grandma Sycamore's recipe by the defendants.

*The Balance of Hardships Favors the Injunction.*

Bimbo Bakeries, which the jury concluded holds a protectable interest in a trade secret, has a strong interest in protecting its property right and would face a significant hardship if others are allowed to continue to use and disclose the trade secret. A permanent injunction will have a lesser impact on the defendants, who will be prohibited only from engaging in further acts of misappropriation. U.S. Bakery, for example, will not be enjoined from competing with Bimbo Bakeries in the bread market or even from producing a granny-style bread product. The injunction will be tailored to strike this balance.

---

[35] *Star Fuel Marts, LLC v. Sam's E., Inc.*, 362 F.3d 639, 651–52 (10th Cir. 2004) (holding that irreparable harm is presumed where a defendant is engaged in an act for which injunctive relief is statutorily proscribed); *InnoSys, Inc. v. Mercer*, 364 P.3d 1013, 1020 (Utah 2015) ("A long-settled principle of trade secret law recognizes a presumption of harm upon proof of misappropriation.").

[36] *InnoSys,* 364 P.3d at 1021–22 ("The presumption of irreparable harm is widely endorsed and rarely questioned. And where it has been questioned, it has usually been only to clarify that the presumption may be rebutted, as in circumstances where the trade secret has become so generally known that it no longer exists.").

[37] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004).

*Public Interest Favors the Injunction.*

Issuance of the injunction will not adversely affect the public interest. The public has an interest in a free market. But the public has a stronger interest in protecting established trade secrets and the integrity of the jury verdict.

*The Injunction Can Be Tailored to the Threat of Recurrent Violation.*

Because "the purpose of an injunction is to prevent future violations," the movant must show "some cognizable danger of recurrent violation" to warrant a permanent injunction.[38] Additionally, "an injunction must be narrowly tailored to remedy the harm shown."[39] In this case, a permanent injunction can be tailored in scope to address the cognizable danger of a recurrent violation of Bimbo Bakeries' rights in the trade secret. The injunction prevents the defendants from disclosing or retaining copies of the Grandma Sycamore's recipe, and from relying on the Grandma Sycamore's recipe to develop or modify their own recipes. Defendants cannot emulate the Grandma Sycamore's recipe or its component parts in competing with Bimbo Bakeries. The specific components of the secret recipe subject to protection will be included as a sealed exhibit to the injunction.

U.S. Bakery will not, however, be enjoined from competing with Bimbo Bakeries in the bread market or even from producing a granny-style bread product. The purpose of the injunction is to curtail the threat to Bimbo Bakeries without impeding defendants' lawful participation in the bread market.

---

[38] *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1230 (10th Cir. 1997) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

[39] *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 962 (10th Cir. 2002).

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Damages Motion[40] is GRANTED IN PART. Judgment on the false advertising claim will be entered in the amount of $8,027,720, which is U.S. Bakery's profits from false advertising as determined by the jury, without actual damages, enhanced actual damages, or attorneys' fees. A final judgment consistent with this Order will be entered separately.

Judgment on the trade secret misappropriation claim will be entered:

- Against U.S. Bakery in the amount of $1,578,942, plus exemplary damages in the amount of $789,471 and attorneys' fees attributable to the trade secret claim in an amount to be determined by motion; and

- Against Sycamore in the amount of $526,314, plus attorneys' fees attributable to the trade secret claim in an amount to be determined by motion.

Bimbo Bakeries may submit a motion establishing its attorneys' fees within 14 days of this Order. Defendants may respond within 14 days thereafter.

IT IS FURTHER ORDERED that the Injunction Motion[41] is GRANTED. A preliminary injunction consistent with this Order will be entered separately.

The Clerk is directed to close the case.

Dated March 29, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[40] Docket no. 481.

[41] Docket no. 483.