IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LELAND SYCAMORE and UNITED STATES BAKERY, INC.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [544] SYCAMORE'S RENEWED MOTION FOR JUDGMENT**<br><br>Case No. 2:13-cv-00749-DN<br><br>District Judge David Nuffer |

　　　　Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") asserted a claim for trade secret misappropriation against defendants Leland Sycamore ("Sycamore") and United States Bakery, Inc. ("U.S. Bakery"), as well as a claim for false advertising against U.S. Bakery. On October 6, 2017, the jury returned a verdict in favor of Bimbo Bakeries on both claims.[1] The jury found that Bimbo Bakeries suffered damages in the amount of $2,105,256 as a result of trade secret misappropriation and found U.S. Bakery responsible for $1,578,942 (75% of the damages) and Sycamore responsible for $526,314 (25% of the damages).[2]

　　　　Sycamore has filed a Motion for Judgment as a Matter of Law, Motion for a New Trial or Remittitur or for an Altered or Amended Judgment ("Renewed Motion for Judgment").[3] Bimbo

---

[1] Special Verdict, docket no. 451, filed Oct. 6, 2017.

[2] *Id*.

[3] Motion for Judgment as a Matter of Law, Motion for a New Trial or Remittitur or for an Altered or Amended Judgment ("Renewed Motion for Judgment"), docket no. 544, filed Apr. 25, 2018 (Sealed Motion, docket no. 546, filed Apr. 25, 2018).

Bakeries filed an opposition.[4] Sycamore replied.[5] This is Sycamore's second renewed motion for judgment as a matter of law.

Sycamore asserts two arguments with respect to Bimbo Bakeries' trade secret misappropriation claim: (1) Bimbo Bakeries failed to provide evidence to support the jury's allocation of fault to Sycamore; and (2) Bimbo Bakeries' claim against Sycamore is barred by res judicata and collateral estoppel. However, the jury had a sufficient evidentiary basis to find for Bimbo Bakeries and to allocate fault to Sycamore. Sycamore forfeited its affirmative defenses of res judicata and collateral estoppel. For these reasons, the Renewed Motion for Judgment is denied.

**Contents**
Background ................................................................................................................................ 2
Standard of Review .................................................................................................................... 6
Discussion ................................................................................................................................... 7
    An evidentiary basis in the record supports the jury's award of damages ........................ 7
    Sycamore forfeited his defenses of res judicata and collateral estoppel ............................ 9
Order…. ..................................................................................................................................... 11

## BACKGROUND

In June 2009, Bimbo Bakeries' predecessor, Sara Lee Corporation, filed suit (the "523 Action") against Sycamore and his entity Sycamore Family Bakery, Inc. for trademark infringement and other claims related to the marketing and sale of granny-style bread.[6] The 523 Action was tried to a jury from April 9-11, 2012. The jury returned a verdict against Sycamore

---

[4] Plaintiff's Opposition to Sycamore's Renewed Motion for Judgment as a Matter of Law, Motion for a New Trial, or Remittitur or for an Altered or Amended Judgment ("Opposition"), docket no. 583, filed May 9, 2018.

[5] Sycamore's Reply Memorandum in Support of His Renewed Motion for Judgment as a Matter of Law, Motion for a New Trial or Remittitur or for an Altered or Amended Judgment ("Reply"), docket no. 604, filed June 1, 2018 (Sealed Reply, docket no. 606, filed June 1, 2018).

[6] Renewed Motion for Judgment 3; Complaint, *Sara Lee Corp. v. Sycamore Family Bakery*, No. 2:09-cv-00523 (D. Utah June 8, 2009), ECF No. 2. Prior to trial, Sarah Lee Corp. assigned all of its right, title, and interest in the trademarks underlying the 523 Action to EarthGrains Baking Companies, Inc. Motion to Substitute Party, *id.*, ECF No. 202. As a result, EarthGrains Baking Companies, Inc. was substituted as plaintiff in place of Sara Lee Corp. Order Granting Motion to Substitute Party, *id.*, ECF No. 205.

and a judgment was entered against him in the amount of $4,236,858.[7] The 523 Action did not include a claim for trade secret misappropriation.

On August 7, 2013, Bimbo Bakeries' immediate predecessor, EarthGrains Baking Companies, Inc., initiated this suit against Sycamore; his son Tyler Sycamore; Tyler's bakery Wild Grains Bakery, LLC; and U.S. Bakery.[8] Tyler Sycamore and Wild Grains Bakery, LLC were voluntarily dismissed prior to trial, leaving U.S. Bakery and Sycamore as the remaining defendants.[9] The only claim tried against Sycamore was for trade secret misappropriation.[10]

Prior to trial, Sycamore filed a motion in limine regarding damages, seeking to preclude Bimbo Bakeries from (1) introducing evidence of damages against him; and (2) asking the jury to return a monetary verdict against him.[11] Sycamore asserted that Bimbo Bakeries had failed to quantify a specific amount of damages caused by Sycamore.[12] Sycamore's motion in limine was denied, on the basis that the apportionment of damages is a question for the jury.[13]

---

[7] Renewed Motion for Judgment 4; Amended Final Judgment, *Sara Lee Corp. v. Sycamore Family Bakery*, No. 2:09-cv-00523 (D. Utah Apr. 12, 2012), ECF No. 397.

[8] During the litigation, all of the rights asserted in this action were transferred to Bimbo Bakeries, resulting in the substitution of Bimbo Bakeries as plaintiff. Plaintiff's Motion and Memorandum for Leave to Substitute Parties and Amend Complaint, docket no. 29, filed Nov. 17, 2014; Ruling & Order, docket no. 36, entered Dec. 15, 2014.

[9] Order Granting Joint Motion to Dismiss Plaintiff's Claims Against Defendants Tyler Sycamore and Wild Grains Bakery, LLC with Prejudice, docket no. 411, entered Sept. 25, 2017.

[10] Renewed Motion for Judgment 4; First Amended Complaint 15-16, docket no. 37, filed Dec. 15, 2014. Bimbo Bakeries' also alleged trade dress infringement and dilution against Sycamore, but these claims were dismissed. Sealed Memorandum Decision and Order Denying [131] Motion for Summary Judgment and Dismissing Plaintiff's Trade Dress Infringement Claim, docket no. 256, entered June 5, 2017.

[11] Leland' [sic] Sycamore's Motion in Limine Re: Damages, docket no. 260, filed Aug. 16, 2017.

[12] *Id*. 2.

[13] Docket Text Order Denying [260] Motion in Limine Re: Damages, docket no. 355, entered Aug. 31, 2017.

At trial, Bimbo Bakeries' expert, Richard Hoffman, testified regarding damages related to the trade secret misappropriation. Mr. Hoffman's testimony included the following calculations of unjust enrichment and lost profits:[14]

| **Trade Secret Claim Damages** | |
|---|---|
| *Grandma Emilie's* | $357,791 |
| U.S. Bakery's Unjust Enrichment on the Sale of Grandma Emilie's | OR |
| OR | $194,012 to |
| Bimbo Bakeries' Lost Profit on U.S. Bakery's Sale of Grandma Emilie's | $373,425 |
| *Bread Lovers* | $1,911,244 to |
| Bimbo Bakeries' Lost Profit on U.S. Bakery's Sale of Bread Lovers | $3,893,756 |
| *Bimbo Bakeries' Extra Advertising Expense* | $358,911 |

Mr. Hoffman did not calculate the amount of damages caused solely by Sycamore.[15] U.S. Bakery's presented testimony from its expert, Gil Miller, to rebut the methods used by Mr. Hoffman and to challenge his calculations.[16] Sycamore did not present any expert testimony at trial.

In his Answer to the Amended Complaint, Sycamore raised several affirmative defenses, including res judicata, collateral estoppel, claim preclusion, and issue preclusion.[17] However, Sycamore did not assert these defenses by motion or at trial. In another motion in limine, Sycamore had sought to exclude evidence of other cases that Bimbo Bakeries had brought against Sycamore, including the 523 Action.[18] Sycamore argued that the allegations brought by Bimbo Bakeries in this case were unrelated to Bimbo Bakeries' claims in the 523 Action.[19] The

---

[14] Trial Tr., vol. IV, 98:09-160:5, Sept.28, 2017, docket no. 460; Trial Ex. 239.

[15] Renewed Motion for Judgment 6-7; Trial Tr., vol. IV, 151:18-153:5, 159:2-9, Sept. 28, 2017, docket no. 460.

[16] Trial Tr., vol. VI, 124:13-200:21, Oct. 4, 2017, docket no. 463; Trial Ex. 367.

[17] Answer of Leland Sycamore to Bimbo Bakeries' First Amended Complaint 16, docket no. 38, filed Dec. 29, 2014.

[18] Leland' [sic] Sycamore's Motion in Limine Re: Other Cases, docket no. 261, filed Aug. 16, 2017.

[19] *Id*.

motion in limine was granted in part and denied in part.[20] Evidence common to this case and the 523 Action was allowed, if found to be relevant at trial; however, references to the litigation, its process and outcomes were not admissible.[21]

At the close of Bimbo Bakeries' case-in-chief, Sycamore's counsel made an oral motion for directed verdict on: (1) the insufficiency of evidence supporting liability on the claim for trade secret misappropriation; (2) the insufficiency of evidence on damages pertaining to Sycamore; and (3) the statute of limitations under the Trade Secret Act.[22] The court deferred ruling on the motion for directed verdict until the end of the presentation of evidence and the verdict.[23] After the jury heard all of the evidence, Sycamore's counsel made another oral motion to join U.S. Bakery's motion for judgment as a matter of law and renewed his prior motion for directed verdict, "particularly with respect to damages."[24]

The jury returned a verdict in favor of Bimbo Bakeries on the claim for trade secret misappropriation and on the claim for false advertising. With respect to the trade secret misappropriation claim, the jury found:[25]

> (1) U.S. Bakery misappropriated the trade secret and is responsible for damages in the amount of $1,578,942; and
>
> (2) Sycamore also misappropriated the trade secret and is responsible for damages totaling $526,314.

---

[20] Docket Text Order Granting in Part and Denying in Part [261] Motion in Limine Re: Other Cases, docket no. 353, entered Aug. 31, 2017.

[21] *Id.*

[22] Renewed Motion for Judgment 5; Trial Tr., vol. V, 66:1-68:8, 70:23-71:11, Sept. 29, 2017, [docket no. 461](docket no. 461).

[23] Trial Tr., vol. V, 72:17-19, Sept. 29, 2017, [docket no. 461](docket no. 461).

[24] Renewed Motion for Judgment 5-6; Trial Tr., vol. IX, 44:22-45:6, Oct. 5, 2017.

[25] Special Verdict at 2-4, [docket no. 451](docket no. 451).

On November 3, 2017, Sycamore filed his first renewed motion for judgment as a matter of law or for a new trial.[26] The first motion only addressed Sycamore's statute of limitations defense and was denied.[27]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 50(a), a court may "grant a motion for judgment as a matter of law" after a party has been heard on the issue and "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[28] In making this determination, a court must "construe the evidence and inferences most favorably to the nonmoving party, and refrain from weighing the evidence, passing on the credibility of witnesses, or substituting [its] judgment for that of the jury."[29]

If the court does not grant judgment as a matter of law, the party may renew that motion under Rule 50(b) after trial. A renewed motion must be on the same grounds as a motion made prior to submitting the case to the jury.[30] In ruling on a renewed motion, the court may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law.[31]

---

[26] Docket no. 473.

[27] Memorandum Decision and Order Denying [473] Defendant Leland Sycamore's Motion for Judgment as a Matter of Law on Statute of Limitations Grounds or for New Trial ("Order Denying [473] Sycamore's Motion for Judgment"), docket no. 533, entered Mar. 2, 2018.

[28] Fed. R. Civ. P. 50(a).

[29] *Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1126 (10th Cir. 2012) (quoting *Magnum Foods, Inc. v. Cont'l Cas. Co.,* 36 F.3d 1491, 1503 (10th Cir. 1994)).

[30] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").

[31] Fed. R. Civ. P. 50(b).

The court may, on motion, grant a new trial, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[32] "A motion for new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a review of the facts presented at trial, and thus involves the discretion of the trial court."[33] "The inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[34] When considering a motion for new trial, the court must view all evidence in the light most favorable to the prevailing party.[35] Moreover, "the jury's award is inviolate unless . . . it [is] 'so excessive that it shocks the judicial conscience and raises an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial.'"[36] "The amount of damages awarded by the jury can be supported by any competent evidence tending to sustain it[.]" [37]

## DISCUSSION

**An evidentiary basis in the record supports the jury's award of damages**

In his Renewed Motion for Judgment, Sycamore does not contest that the jury reasonably could have found Bimbo Bakeries suffered $2,105,256 in total damages for trade secret misappropriation.[38] Instead, he asserts that there was insufficient evidence to attribute any of the damages to him.

---

[32] Fed. R. Civ. P. 59(a).

[33] *Black v. Hieb's Enters, Inc.* 805 F.2d 360, 363 (10th Cir. 1986).

[34] *Id*.

[35] *Spahr v. Ferber Resorts*, 686 F. Supp. 2d 1214, 1217 (D. Utah 2010).

[36] *Id.* (quoting *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 766 (10th Cir. 2009)).

[37] *Black*, 805 F.2d at 363.

[38] Renewed Motion for Judgment 13-15.

Sycamore primarily argues that the Utah Liability Reform Act[39] required Bimbo Bakeries to provide evidence at trial of a specific allocation of fault to Sycamore.[40] In support, Sycamore cites to the following statutory provisions:[41]

- Utah Code Ann. § 78B-5-818(3): "No person is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant under Section 78B-5-819."

- Utah Code Ann. § 78B-5-819: "The trial court may, and when requested by any party shall, direct the jury, if any, to find separate special verdicts determining that the total amount of damage sustained and the percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to any person immune from suit, and to any other person identified under subsection 78B-5-821(4) for whom there is a factual and legal basis to allocate fault."

Assuming the Utah Liability Reform Act applies,[42] Bimbo Bakeries was not required to present expert testimony calculating the amount of damages caused solely by Sycamore's misappropriation.[43] "Instead, allocation of fault is quintessentially a jury question."[44] "The jury is entrusted to resolve all relevant questions of fact presented to the court, including apportionment."[45] Although the jury must have a reasonable basis for apportioning damages,[46]

---

[39] Utah Code Ann. §§ 78B-5-871 to 823.

[40] Order Denying [473] Sycamore's Motion for Judgment 2-3.

[41] Renewed Motion for Judgment 10, 12-13.

[42] Sycamore first raised application of the Utah Liability Reform Act (ULRA) at the close of Bimbo Bakeries' case-in-chief. Trial Tr., vol. V, 67:9-24, Sept. 29, 2017. Sycamore has not cited to any case law holding that the ULRA applies to trade secret misappropriation claims. *But see ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 806 (10th Cir. 2013) ("We have located no Utah precedent addressing the interplay between the UUTSA and the ULRA.").

[43] *Sauer v. Burlington N. R. Co.*, 106 F.3d 1490, 1494 (10th Cir. 1996).

[44] *Choate v. Ars-Fresno LLC*, 2016 UT App 249, ¶ 19, 391 P.3d 344, 348.

[45] *Harris v. Shopko Stores, Inc.*, 2013 UT 34, ¶ 32, 308 P.3d 449. *See also Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 491 (Utah Ct. App. 1991) ("It is for the jury to place a legal proportion on the relative faults of the parties.").

[46] *Harris*, 2013 UT 34, ¶ 32.

evidence supporting a finding of some level of responsibility is sufficient to uphold a jury's apportionment of fault.[47]

Here, the jury had a non-arbitrary evidentiary basis to apportion damages to Sycamore. Evidence was presented regarding each defendant's conduct, as well as expert testimony on the damages that Bimbo Bakeries suffered. A reasonable jury could find that Sycamore and U.S. Bakeries each misappropriated the trade secret. Once that finding was made, the jury was capable of allocating fault accordingly based upon the evidence received.

### Sycamore forfeited his defenses of res judicata and collateral estoppel

Sycamore next argues that Bimbo Bakeries' trade secret misappropriation claim is barred by res judicata and collateral estoppel. Sycamore asserts that Bimbo Bakeries was required to bring its trade secret misappropriation claim in the 523 Action—the first lawsuit filed against Sycamore.[48] "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."[49] Similarly, four elements must be met to bar a claim under collateral estoppel: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the

---

[47] *K-Tec v. Vita-Mix*, 765 F. Supp. 2d 1304, 1312 (D. Utah 2011) ("A jury's factual determination of the amount of damages must be upheld unless the amount is 'grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'"). *See also Moa v. Edwards*, 2011 UT App 140, ¶¶ 6-7, 256 P.3d 242, 246.

[48] Renewed Motion for Judgment 18. Notably, this is essentially the same argument that Sycamore previously made in its prior request for judgment as a matter of law based upon a statutes of limitations theory.

[49] *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[50]

Sycamore asserted these affirmative defenses in his answer:[51]

**Second Affirmative Defense**

Bimbo's First Amended Complaint is barred by the doctrines of waiver and estoppel.

**Ninth Affirmative Defense**

Bimbo's claims against Sycamore are barred by the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion.

However, Sycamore forfeited his ability to rely on these theories because he did not pursue these defenses by motion or at trial. Sycamore actually sought to exclude any evidence related to the 523 Action at trial.[52] He also failed to raise these defenses at the close of Bimbo Bakeries' case-in-chief or before the jury returned a verdict.[53] "[A] party may only pursue a ground for relief in a postverdict Rule 50(b) motion if that same ground for relief was first asserted in a preverdict Rule 50(a) motion."[54] The merits of Sycamore's estoppel and res judicata claims cannot be reached because they were not preserved in a Rule 50(a) motion and therefore have been forfeited by Sycamore.[55]

---

[50] *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir. 1995).

[51] Answer of Leland Sycamore to Bimbo Bakeries' First Amended Complaint, Second Affirmative Defense and Ninth Affirmative Defense at 16, docket no. 38, filed Dec. 29, 2014.

[52] Leland' [sic] Sycamore's Motion in Limine Re: Other Cases, docket no. 261, filed Aug. 16, 2017.

[53] Sycamore's affirmative defenses were not part of the pretrial order. *See* Sycamore's claims at 7, docket no. 392, entered Sept. 21, 2017.

[54] *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1266 (10th Cir. 2016) (citations omitted); *see also Braun v. Medtronic Sofamor Danek, Inc.*, 141 F. Supp. 3d 1177, 1183–84 (D. Utah 2015) ("Medtronic may properly renew in its Rule 50(b) motion only those arguments included in some form in its Rule 50(a) motion made at trial.").

[55] "Although jurists often use the words interchangeably, 'forfeiture is the failure to make the timely assertion of a right[;] waiver is the intentional relinquishment or abandonment of a known right.'" *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)).

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Renewed Motion for Judgment[56] is DENIED.

Dated December 10, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[56] Renewed Motion for Judgment, docket no. 544 (Sealed Motion, docket no. 546).