IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC.,<br><br>              Plaintiff,<br>v.<br><br>LELAND SYCAMORE and UNITED STATES BAKERY, INC.,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART and GRANTING IN PART [555] U.S. BAKERY'S RENEWED MOTION FOR JUDGMENT**<br><br>Case No. 2:13-cv-00749<br><br>District Judge David Nuffer |

Defendant United States Bakery ("U.S. Bakery") filed a Renewed Motion for Judgment as a Matter of Law ("Renewed Motion for Judgment").[1] Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") filed a memorandum in opposition,[2] and U.S. Bakery replied.[3] U.S. Bakery seeks judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), on Bimbo Bakeries' false advertising and trade secret claims. Alternatively, U.S. Bakery requests that Bimbo Bakeries' damages be remitted on the false advertising claim, or for a new trial pursuant to Rule 59. For the reasons discussed below, the Renewed Motion for Judgment is denied in part and granted in part.

---

[1] Renewed Motion for Judgment as a Matter of Law ("Renewed Motion for Judgment"), docket no. 555, filed April 26, 2018 (Sealed Motion, docket no. 546, filed Apr. 26, 2018).

[2] Plaintiff's Opposition to United States Bakery, Inc's Renewed Motion for Judgment as a Matter of Law ("Opposition"), docket no. 584, filed May 10, 2018 (Sealed Opposition, docket no. 586, filed May 10, 2018).

[3] Defendant United States Bakery's Reply in Support of Renewed Motion for Judgment as a Matter of Law ("Reply"), docket no. 601, filed May 31, 2018 (Sealed Reply, docket no. 606, filed June 1, 2018).

**Contents**

Background ........................................................................................................................ 2
Standard of Review .......................................................................................................... 5
Discussion ......................................................................................................................... 7
    Bimbo Bakeries' false advertising claim ................................................................. 7
        The jury appropriately decided whether the term "local" in U.S. Bakery's tagline
            is misleading ................................................................................................ 8
        Bimbo Bakeries' expert was properly allowed to establish consumer confusion
            and materiality ........................................................................................... 11
    Bimbo Bakeries' trade secret claim ....................................................................... 13
        U.S. Bakery failed to establish that Bimbo Bakeries' trade secret is generally
            known or inconsistent with Bimbo Bakeries' actual practice .................. 13
        U.S. Bakery failed to preserve its other arguments regarding Bimbo Bakeries'
            trade secret misappropriation claim ......................................................... 14
    Bimbo Bakeries' damages ..................................................................................... 15
Order….. ......................................................................................................................... 19

## BACKGROUND

Bimbo Bakeries sued U.S. Bakery claiming it (1) falsely advertised the origin of some of its bread products by using the word "local" in a company tagline; (2) misappropriated Bimbo Bakeries' trade secret in making and selling its "granny-style" bread; (3) infringed on Bimbo Bakeries' trade dress through its packaging; and (4) caused dilution to Bimbo Bakeries' trade dress.[4] Prior to trial, U.S. Bakery moved for summary judgment on all of Bimbo Bakeries' claims.[5] The motion for summary judgment was denied with respect to the false advertisement and trade secret misappropriation claims.[6] In particular, whether the term "local" is false or misleading was deemed to be an appropriate question for the jury. Further, U.S. Bakery had not

---

[4] Renewed Motion for Judgment 1-2; Amended Complaint, docket no. 37, filed Dec. 15, 2014. Bimbo Bakeries also sued Leland Sycamore ("Sycamore") for trade secret misappropriation. Sycamore filed a motion for judgment as a matter of law, which was addressed separately. *See* Motion for Judgment as a Matter of Law, Motion for a New Trial or Remittitur or for an Altered or Amended Judgment ("Renewed Motion for Judgment"), docket no. 544, filed Apr. 25, 2018 (Sealed Motion, docket no. 546, filed Apr. 25, 2018); Memorandum Decision and Order Denying [544] Sycamore's Renewed Motion for Judgment, docket no. 616, entered Dec. 10, 2018.

[5] Motion for Full or Partial Summary Judgment, docket no. 119, filed May 17, 2016.

[6] Sealed Memorandum Decision and Order Granting in Part and Denying in Part Defendant's [119] Motion for Summary Judgment, docket no. 250, filed Apr. 28, 2017 (Redacted Order, docket no. 257, entered July 20, 2017). Summary judgment was granted as to Bimbo Bakeries' trade dress infringement claims. *Id*.

shown Bimbo Bakeries' purported trade secret to be generally known.[7] However, Bimbo Bakeries' false advertising damages were limited to Utah and southern Idaho,[8] based upon a prior ruling on expert witnesses.[9]

U.S. Bakery filed several motions in limine before trial. U.S. Bakery moved for an order declaring that the word "local," as a matter of law, is not a factual determination.[10] U.S. Bakery's request was denied, consistent with the court's ruling on summary judgment.[11] U.S. Bakery also moved to exclude evidence related to consumer confusion from U.S. Bakery's use of "local" in its tagline outside of Utah.[12] In support, U.S. Bakery argued that Bimbo Bakeries' expert only surveyed consumers within Utah. The motion was denied, finding that the scope of the consumer survey influences the weight of the evidence rather than its admissibility.[13] With respect to damages, U.S. Bakery sought to exclude any evidence that Bimbo Bakeries was entitled to recover damages for "lost profits"—as opposed to damages based upon unjust enrichment—in connection with its false advertising claim.[14] The motion in limine was denied on the basis that it

---

[7] *Id*.

[8] Sealed Memorandum Decision and Order Granting in Part and Denying in Part Defendant's [119] Motion for Summary Judgment, docket no. 250, entered Apr. 28, 2017 (Redacted Order, docket no. 257).

[9] Sealed Memorandum Decision and Order on Motions to Exclude Expert Witnesses ("Orders on Motions to Exclude"), docket no. 244, entered Mar. 2, 2017 (Redacted Order, docket no. 248). In briefing, Bimbo Bakeries represented that the surveys and testimony of its expert, Dr. Christensen, were limited to Utah and southern Idaho. *Id*. 8. Ultimately, Dr. Christensen only conducted consumer surveys in Utah related to the false advertising claim.

[10] United States Bakery, Inc.'s Motion in Limine No. 12 (Local), docket no. 279, filed Aug. 22, 2017.

[11] Docket Text Order Denying [279] Motion in Limine re: Meaning of Term "Local," docket no. 347, entered Aug. 31, 2017.

[12] United States Bakery, Inc.'s Motion in Limine No. 1 (Scope of Consumer Confusion), docket no. 264, filed Aug. 22, 2017.

[13] Docket Text Order Denying [264] Motion in Limine re: Consumer Confusion, docket no. 364, entered Sept. 6, 2017.

[14] United States Bakery, Inc.'s Motion in Limine No. 10 (Lost Profits – False Advertising), docket no. 277, filed Aug. 22, 2017.

would be decided at trial whether Bimbo Bakeries' evidence of lost profits for false advertising was sufficient to submit to the jury.[15]

At trial, Bimbo Bakeries' expert, Glenn Christensen, presented the results of consumer surveys performed regarding U.S. Bakery's tagline to support Bimbo Bakeries' false advertising claim.[16] Bimbo Bakeries also presented expert testimony from Richard Hoffman to calculate damages related to U.S. Bakery's unjust enrichment from its false advertising and trade secret misappropriation.[17] On behalf of U.S. Bakery, expert witness Himanshu Mishra testified to challenge Dr. Christensen's methods and findings,[18] and Gil Miller testified to rebut Mr. Hoffman's methods and calculations.[19]

At the close of Bimbo Bakeries' case-in chief, U.S. Bakery made an oral motion for judgment as a matter of law regarding the trade secret claim on two grounds: (1) U.S. Bakery does not make its bread the same way that Bimbo Bakeries does; and (2) the trade secret is not protectable because the components are generally known.[20] After the parties rested, U.S. Bakery renewed its oral motion for judgment as a matter law.[21] In addition to the arguments previously made, U.S. Bakery asserted that there was no "chain of confidentiality" between Bimbo Bakeries

---

[15] Docket Text Order Denying [277] Motion in Limine re: Lost Profits – False Advertising, docket no. 350, entered Aug. 31, 2017.

[16] Trial Tr., vol. III, 10:13-97:6, Sept. 27, 2017, docket no. 459. U.S. Bakery moved to exclude testimony from Dr. Christensen and Mr. Hoffman. *See* Motion to Exclude Expert Glenn L. Christensen, docket no. 104, filed May 16, 2016; Motion to Exclude Expert Richard S. Hoffman, docket no. 127, filed May 17, 2016. Both motions were denied. *See* Order on Motions to Exclude, docket no. 244.

[17] Trial Tr., vol. IV, 98:09-160:5, Sept. 28, 2017, docket no. 460. Bimbo Bakeries did not pursue a "lost profits" calculation for false advertising damages at trial, mooting U.S. Bakeries' [277] Motion in Limine re: Lost Profits – False Advertising.

[18] Trial Tr., vol. VII, 158:11-247:18, Oct. 3, 2017, docket no. 494.

[19] Trial Tr., vol. VI, 124:13-200:21, Oct. 4, 2017, docket no. 463.

[20] Opposition 15; Trial Tr., vol. V, 58:24-62:17, Sept. 29, 2017, docket no. 461.

[21] Opposition 15; Trial Tr., vol. IX, 36:9-40:14, Oct. 5, 2017, docket no. 464.

and U.S. Bakery to support misappropriation of a trade secret[22] and that Mr. Hoffman's calculation of unjust enrichment damages was improper.[23] U.S. Bakery also sought judgment as a matter of law with respect to Bimbo Bakeries' false advertising claim. U.S. Bakery argued that Bimbo Bakeries failed to present evidence of any actual consumer confusion and that Dr. Christensen's testimony should have been excluded.[24] At that time, U.S. Bakery also addressed the geographic scope of the consumer surveys conducted, arguing that Dr. Christensen did not present any data outside of Utah, and, therefore, the jury would be speculating as to how consumers in other states respond to U.S. Bakery's tagline.[25]

The jury returned a verdict in favor of Bimbo Bakeries on both of its claims.[26] Following post-trial briefing, judgment was entered against U.S. Bakery for $8,027,720 in false advertising damages and $1,578,942 in trade secret damages (plus exemplary damages in the amount of $789,471).[27]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 50(a) allows a party to move for judgment as a matter of law after another party "has been fully heard on an issue during a trial."[28] If the motion is not granted, then it may be renewed after the entry of judgment.[29] The renewed motion "may include

---

[22] Opposition 15; Trial Tr., vol. IX, 38:19-39:15. In other words, U.S. Bakery asserted that Bimbo Bakeries failed to show that there was a binding confidentiality obligation between certain individuals to not disclose information. Trial Tr., vol. IX, 47:18-22.

[23] Opposition 15; Trial Tr., vol. IX, 39:16-40:14.

[24] Trial Tr., vol. IX, 41:3-43:20.

[25] Trial Tr., vol. IX, 43:1-20.

[26] Special Verdict, docket no. 451, entered Oct. 6, 2017.

[27] Judgment in a Civil Case, docket no. 537, entered Mar. 29, 2018. A judgment was also entered against Sycamore for trade secret misappropriation in the amount of $526,314. *Id.*

[28] Fed. R. Civ. P. 50(a).

[29] *Id.* 50(b).

5

an alternative or joint request for a new trial under Rule 59."[30] "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict . . . ; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."[31] Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[32] The court views the entirety of the record and the evidence in the light most favorable to the nonmoving party.[33]

Under Rule 59, the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[34] "A motion for new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a review of the facts presented at trial, and thus involves the discretion of the trial court."[35] "The inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[36] When considering a motion for new trial, the court must view all evidence in the light most favorable to the prevailing party.[37] "Where a new trial motion asserts that the jury award is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."[38]

---

[30] *Id.*

[31] *Id.*

[32] *See id.* 50(a)-(b).

[33] *See Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1126 (10th Cir. 2012); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[34] Fed. R. Civ. P. 59(a)(1)(A).

[35] *Black v. Hieb's Enters, Inc.* 805 F.2d 360, 363 (10th Cir. 1986).

[36] *Id*.

[37] *Spahr v. Ferber Resorts*, 686 F. Supp. 2d 1214, 1217 (D. Utah 2010).

[38] *Biocore, Inc. v. Khosrowshahi,* 80 Fed. Appx. 619, 626 (10th Cir. 2003) (citing *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

Moreover, "the jury's award is inviolate unless . . . it [is] 'so excessive that it shocks the judicial conscience and raises an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial.'"[39] "[T]he amount of damages awarded by a jury can be supported by any competent evidence tending to sustain it." [40] However, "[i]f a damages award is deemed excessive, but does not taint the finding of liability, a court may order a remittitur."[41]

## DISCUSSION

### Bimbo Bakeries' false advertising claim

Bimbo Bakeries claimed that U.S. Bakery's use of "local" in its tagline falsely advertised its bread products by "falsely suggest[ing] to consumers that [U.S. Bakery's] products are made in Utah," when in reality "the bakery products that [U.S. Bakery] sells in Utah . . . are shipped from a substantial distance out of state."[42] "The Lanham Act prohibits the false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin" of a product.[43] To prevail on a false advertising claim, the plaintiff must show:

> (1) that [the] defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.[44]

---

[39] *Id.* (quoting *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 766 (10th Cir. 2009)).

[40] *Biocore, Inc.*, 80 Fed. Appx. at 629 (citing *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985)).

[41] *Megadyne Med. Prod., Inc. v. Aspen Lab., Inc.*, 864 F. Supp. 1099, 1103 (D. Utah 1994) (citing *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1560 (10th Cir. 1991)).

[42] Amended Complaint ¶¶ 35-37, docket no. 37.

[43] *Zoller Lab. LLC v. NBTY Inc.*, 111 Fed. Appx. 978, 982 (10th Cir. 2004) (quoting *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002)); *see also* 15 U.S.C. § 1125(a)(1)(B).

[44] *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, 638 Fed. Appx. 778, 784 (10th Cir. 2016).

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers."[45]

U.S. Bakery asserts that Bimbo Bakeries' false advertising claim fails as a matter of law and is unsupported by the evidence, because (1) the word "local" in U.S. Bakery's tagline is not a specific geographic place, and therefore not false or misleading; (2) Bimbo Bakeries' expert testimony was incompetent and cannot support the jury's verdict; and (3) Bimbo Bakeries failed to present evidence that the word "local" was material to a bread purchaser's decision. These arguments were previously asserted by U.S. Bakery in its motions to exclude expert witnesses, motion for summary judgment, motions in limine, and oral motion for judgment as a matter of law. For the same reasons stated in the orders on those motions, U.S. Bakery's request for judgment as a matter of law on Bimbo Bakeries' false advertising claim is denied.

**The jury appropriately decided whether the term "local" in U.S. Bakery's tagline is misleading**

U.S. Bakery argues that Bimbo Bakeries failed to satisfy the first element of its false advertising claim because the use of the term "local" in its tagline was not a false or misleading representation of fact about its bread product. Although it does not carry a set definition, the term "local" is a statement of fact—not a statement of general opinion—which could be found to be misleading as to the nature, characteristics, or qualities of U.S. Bakery's bread.[46] Contrary to

---

[45] *Zoller Lab. LLC*, 111 Fed. Appx. at 982 (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).

[46] U.S. Bakery argues that "local" is a statement of puffery and therefore not actionable under the Lanham Act. This argument is not persuasive. "Puffery is a term of art used to characterize those vague generalities that no reasonable person would rely on as assertions of particular facts." *Intermountain Stroke Ctr. v. Intermountain Health Care*, 638 Fed. Appx. 778, 786-87 (10th Cir. 2016) (internal citations omitted). Here, expert testimony was presented and the jury found that a reasonable person would expect that bread advertised as "local" was baked within a certain vicinity to where it was sold, as opposed to understanding "local" to be "an expression of the seller's opinion only." *Id.* at 787.

U.S. Bakery's assertion, Bimbo Bakeries was not required to prove that U.S. Bakery's advertisement was literally false.[47] Instead, Bimbo Bakeries was allowed to assert an alternative basis for its claim by demonstrating implied falsehood through extrinsic evidence that the use of "local" in U.S. Bakery's tagline tends to mislead or confuse consumers as to where the product is made. At trial, Bimbo Bakeries presented consumer survey data through its expert witness to show that the tagline "local" was misleading and material to purchasers. The jury heard that evidence, as well as the rebuttal testimony of U.S. Bakery's expert, and, as it was entitled to do, decided that U.S. Bakery's use of "local" in its advertising was misleading.

In support of its Renewed Motion for Judgment, U.S. Bakery cites to *Forschner Group, Inc. v. Arrow Trading Co., Inc.*,[48] a Second Circuit case, to argue that "local" is not a specific geographic location that can be verified objectively as either true or false.[49] That case is not only not binding on this court, but U.S. Bakery's reliance on it is also inapposite. The plaintiff in *Forschner Group* brought a false advertising claim against the defendant, alleging that defendant's use of the phrase "Swiss Army knife" falsely suggested to consumers that its knives were manufactured in Switzerland.[50] The court determined that the phrase "Swiss Army knife" was not a geographic designation because the phrase could not fairly be read to say "made in

---

[47] The Lanham Act "encompasses more than literal falsehoods, because otherwise, clever use of innuendo, indirect intimations, and ambiguous suggestions could shield the advertisement from scrutiny precisely when protection against such sophisticated deception is most needed." *Intermountain Stroke Ctr.,* 638 Fed. Appx. at 784 (internal citations omitted).

[48] 30 F.3d 348 (2nd Cir. 1994).

[49] Renewed Motion for Judgment 13; Reply 2.

[50] *Forschner Group, Inc.*, 30 F.3d at 350-51.

9

Switzerland" so as to be geographically descriptive.[51] However, a term does not need to designate a specific geographic origin to be actionable.

The court in *Forschner Group,* applying the analytical framework used to gauge the distinctiveness of trademarks to resolve a question of false designation of geographic origin,[52] distinguished between geographically descriptive terms and geographic terms. "A geographically descriptive term is one that 'designates geographical location and would tend to be regarded by buyers as descriptive of the geographic location of origin of the goods or services.'"[53] "Under the false advertising provisions of the Lanham Act, a phrase is eligible for protection as a representation of geographic origin only if the phrase is geographically descriptive" and "used in a deceptive manner so as to create a 'likelihood of confusion' concerning the geographic origin of a product."[54]

Here, "local" is a geographically descriptive term, and Bimbo Bakeries presented evidence that U.S. Bakery used the term in a deceptive manner concerning the origin of its bread product—namely, to suggest that its bread products were particularly fresh and of high quality because they were baked within the geographic vicinity of where they were sold.[55] Therefore, the jury's verdict was sufficiently supported by the evidence and not legal error.

---

[51] *Id.* at 355. As used in the phrase Swiss Army knife, the court found "Swiss" to more naturally modify "Army" rather than "knife;" and therefore, the phrase denoted a knife of the type associated with the Swiss Army, rather than a military knife manufactured in Switzerland. *Id.* at 356.

[52] *Id.* at 353.

[53] *Id.* at 355 (citing 1 J.T. McCarthy, *Trademarks and Unfair Competition*, § 14.02).

[54] *Id.* at 354.

[55] *See* Opposition 4. At trial, Bimbo Bakeries offered expert testimony with consumer surveys to support that "local" "at least means in state." *Id.* (quoting Trial Tr., vol. IX, 68:14-15).

**Bimbo Bakeries' expert was properly allowed to establish consumer confusion and materiality**

U.S. Bakery next argues that Bimbo Bakeries failed to provide valid evidence of consumer confusion in order to satisfy the third element of its false advertising claim. A plaintiff "must demonstrate, by extrinsic evidence, that the challenged [advertisements] tend to mislead or confuse consumers."[56] Such evidence must show that a "statistically significant" number of people have been misled.[57] "While there is no bright line rule on what constitutes a statistically significant group, courts have held that survey evidence of 15% confusion is sufficient to demonstrate actual confusion."[58]

At trial, Bimbo Bakeries' expert, Dr. Christensen, presented the results of consumer surveys performed demonstrating 28% consumer confusion.[59] U.S. Bakery asserts that these surveys were not reliable and that Dr. Christensen was not qualified to testify.[60] U.S. Bakery previously raised this argument in a motion in limine[61] and a motion to exclude the testimony of Dr. Christensen.[62] Both motions were denied, and there is no basis for disturbing those rulings now.[63]

---

[56] *Icon Health & Fitness, Inc. v. Nautilus Grp., Inc.*, No. 1:02-cv-00109-TC, 2004 WL 6031124, at *16 (D. Utah Dec. 21, 2004) (citing *Johnson & Johnson-Merck v. Smithkline Beechman*, 960 F.2d 294, 297 (2d Cir. 1992)).

[57] *Id*.

[58] *Id*. (internal citations omitted).

[59] Trial Tr., Vol. III, 12:10-22, Sept. 27, 2017, docket no. 459.

[60] Renewed Motion for Judgment 11-13.

[61] United States Bakery, Inc.'s Motion in Limine No. 1 (Scope of Consumer Confusion), docket no. 264, filed Aug. 22, 2017.

[62] Motion to Exclude Opinions and Testimony of Plaintiff's Expert, Dr. Glenn L. Christensen, and Supporting Memorandum, docket 104, filed May 16, 2016.

[63] Docket Text Order Denying [264] Motion in Limine re: Consumer Confusion, docket no. 364, entered Sept. 6, 2017; Order on Motions to Exclude 11, docket 244 (Redacted Order, docket no. 248).

Dr. Christensen's education, experience, and qualifications qualified him to testify to quantitative surveys. Moreover, the methodology he used did not render his survey results unreliable. "Flaws in methodology typically relate only to the weight of the survey evidence."[64] Any flaws in Dr. Christensen's methodology were not so substantial as to render the survey's conclusions untrustworthy. As a result, his testimony was properly admitted.

Having received evidence of consumer confusion, the jury properly determined that U.S. Bakery's use of the term "local" was material to a bread purchaser's decision.[65] A misrepresentation is material if "it would have some effect on consumers' purchasing decisions."[66] This effect does not have to be a dominant factor so long as it would have some impact on a purchase decision.[67] Further, a plaintiff need only prove a likelihood that a particular misrepresentation would be material to consumer purchase decisions, and need not prove actual influence on consumer decision making.[68] Overall, Bimbo Bakeries put forth sufficient evidence at trial to prove materiality through direct testimony, as well as Dr. Christensen's consumer surveys.[69]

---

[64] *OraLabs, Inc. v. The Kind Group, LLC*, 2015 WL 4538442, at *4 (D. Colo. Jul. 28, 2015).

[65] "The type of evidence needed to prove materiality . . . varies depending on what type of recovery the plaintiff seeks. Plaintiffs looking to recover monetary damages for false or misleading advertising that is not literally false must prove actual deception . . . [through] evidence of actual consumer reaction to the challenged advertising or surveys showing that a substantial number of consumers were actually misled by the advertisements." *Pizza Hut, Inc. v. Papa John's Intern, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000).

[66] McCarthy on Trademarks and Unfair Competition § 27:35 (5th ed.).

[67] *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 313 (1st Cir. 2002).

[68] *Id*.

[69] Opposition 5-6. In its Opposition, Bimbo Bakeries cites to testimony where U.S. Bakery's witnesses admitted it would be reasonable for a consumer seeing the tagline to believe that the produce being sold was baked in the state where it was being purchased. Plaintiff's Record of Deposition Testimony Read or Shown by Video at Trial, Ex. 8, Video Deposition of Jessica Larson at 29-30, docket 444-8.

**Bimbo Bakeries' trade secret claim**

Bimbo Bakeries alleged that U.S. Bakery misappropriated Bimbo Bakeries' trade secrets by hiring a competitor's employee, Mr. Faull, and modifying its bread product to more closely resemble Bimbo Bakeries' Trade Secret Process based on confidential methods disclosed by Mr. Faull.[70] To state a claim under Utah's Uniform Trade Secrets Act, a plaintiff must establish (1) the existence of a trade secret; (2) communication of the trade secret to the defendant under an express or implied agreement limiting disclosure of the secret; and (3) the defendant's use of the secret that injured the plaintiff.[71]

U.S. Bakery asserts that Bimbo Bakeries' trade secret claim fails as a matter of law and is unsupported by the evidence because (1) Bimbo Bakeries' compilation is skill and knowledge of the trade; (2) the compilation does not describe Bimbo Bakeries' actual practice; and (3) U.S. Bakery had the compilation before the time that Bimbo Bakeries asserts that U.S. Bakery stole it.

**U.S. Bakery failed to establish that Bimbo Bakeries' trade secret is generally known or inconsistent with Bimbo Bakeries' actual practice**

Bimbo Bakeries' trade secret is a compilation of specific ingredients and production steps. A trade secret can be a compilation that "derives economic value from not being known or readily ascertainable by others" and "is the subject of reasonable efforts to maintain its secrecy."[72] A compilation of generally known elements may qualify as a trade secret "if the combination itself is outside the general knowledge and not ascertainable by proper means."[73]

---

[70] Amended Complaint ¶ 25, docket no. 37.

[71] *Water & Energy Sys. Tech., Inc. v. Keil*, 974 P.2d 821, 822 (Utah 1999).

[72] *CDC Restoration & Constr., LC v. Tradesmen Contractors, LLC*, 12 UT App 60, ¶ 16, 274 P.3d 317 (citing Utah Code Ann. § 13-24-2(4)).

[73] *Brigham Young Univ. v. Pfizer, Inc.*, 861 F. Supp. 2d 1320, 1323 (D. Utah 2012).

However, a compilation cannot be a trade secret if it is already known to a defendant or to knowledgeable persons in the industry.[74]

U.S. Bakery argues that Bimbo Bakeries' compilation is generally known and, therefore, unprotected skill and knowledge of the trade.[75] U.S. Bakery previously asserted this argument in its motion for summary judgment, which was denied.[76] None of U.S. Bakery's witnesses, including its baking expert, testified that the use of all four elements of the trade secret to produce a commercial "granny-style" bread was generally known or readily ascertainable to U.S. Bakery.[77] At trial, the jury heard extensive testimony regarding all the elements that merit protection for the compilation trade secret as a whole.[78] Based on the evidence presented at trial, the jury could reasonably find that Bimbo Bakeries had a protectable trade secret and that U.S. Bakery misappropriated that trade secret.

**U.S. Bakery failed to preserve its other arguments regarding Bimbo Bakeries' trade secret misappropriation claim**

U.S. Bakery further asserts that Bimbo Bakeries cannot claim the compilation is a trade secret because (1) the compilation does not reflect Bimbo Bakeries' actual practice: and (2) U.S. Bakery discovered the compilation on its own in June 2013 (five months before Bimbo Bakeries asserts that U.S. Bakery stole it).[79]

---

[74] *USA Power, LLC v. PacifiCorp*, 235 P.3d 749, 759 (Utah 2010) (citing *Utah Med. Prods.*, 79 F. Supp. 2d at 1312).

[75] Renewed Motion for Judgment 15.

[76] Motion for Full or Partial Summary Judgment, docket no. 119, filed May 17, 2016; Sealed Memorandum Decision and Order Granting in Part and Denying in Part Defendant's [119] Motion for Summary Judgment, docket no. 250, entered Apr. 28, 2017 (Redacted Order, docket no. 257).

[77] Opposition 21.

[78] *Id*.

[79] Renewed Motion for Judgment 17-18.

U.S. Bakery forfeited its ability to rely on these theories because it did not pursue these defenses by motion or at trial.[80] As a result, U.S. Bakery is precluded from now pursuing these defenses in a renewed motion for judgment as a matter of law[81] or a motion for a new trial.[82]

### Bimbo Bakeries' damages

After finding for Bimbo Bakeries on its false advertising claim, the jury awarded Bimbo Bakeries $8,027,720 in damages.[83] Arguing that Bimbo Bakeries only alleged and offered evidence of consumer confusion in Utah to support its false advertising claim, U.S. Bakery seeks a remittitur of the jury's award to $83,398—the amount of damages that Bimbo Bakeries' expert, Mr. Hoffman, calculated for Utah.

Remittitur is appropriate if the jury award is "so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial."[84] "It is well settled that mere excessiveness in the amount of an award may be cured by a remittitur, whereas excessiveness which results from jury passion

---

[80] Instead, U.S. Bakery filed a motion in limine alleging that Bimbo Bakeries had not disclosed and described its secret recipe with enough detail to enable the jury to determine if a trade secret exists. United States Bakery, Inc.'s Motion in Limine No. 14 (Trade Dress [sic] Description), docket no. 285, filed Aug. 22, 2017. The motion in limine was denied based upon the court's ruling on U.S. Bakery's motion for summary judgment, finding that Bimbo Bakeries had sufficiently defined its trade secret to allow the jury to determine whether Bimbo Bakeries had a protectable trade secret. Docket Text Order Denying [272] Motion in Limine re: Trade Secret Description and Denying [285] Motion in Limine re: Trade Secret Description, entered Sept. 19, 2017.

[81] *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1266 (10th Cir. 2016) ("[A] party may only pursue a ground for relief in a postverdict Rule 50(b) motion if that same ground for relief was first asserted in a preverdict Rule 50(a) motion.") (citations omitted).

[82] WRIGHT & MILLER, 11 FED. PRAC. & PROC. CIV. § 2805 (3d ed.) ("A principle that strikes very deep is that a new trial will not be granted [under Rule 59(a)] on grounds not called to the court's attention during trial unless the error was so fundamental that gross injustice would result . . . , and a party may not seek a second trial on the basis of a theory not urged at the first trial."); *see also Sheedy v. BSB Props, LC*, 2016 WL 4126463, at *1 (D. Utah Aug. 2, 2016) ("a party must lay the necessary predicate to a motion for new trial during the trial") (quoting *Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 749 F. Supp. 2d 1235, 1256 (D.N.M. 2010)).

[83] Special Verdict, docket no. 451; Judgment in a Civil Case, docket no. 537, entered Mar. 29, 2018.

[84] *Malandris v. Merrill Lynch, Fenner & Smith, Inc.*, 703 F.2d 1152, 1168 (10th Cir. 1981).

and prejudice may not be so cured. In that case, a new trial is required."[85] "[A] district court acts within its discretion in ordering a remittitur of damages that are so grossly excessive as to shock the judicial conscience."[86]

At trial, Mr. Hoffman, testified regarding his calculation of damages related to U.S. Bakery's false advertising:[87]

| **False Advertising Claim Damages** | |
|---|---|
| USBs Unjust Enrichment due to False Advertising | $8,027,720 |

This calculation was based on U.S. Bakery's profits from all eight states in which the misleading tagline was used.[88]

As previously discussed, Bimbo Bakeries' expert, Dr. Christensen, surveyed consumers in Utah to demonstrate consumer confusion and to support Bimbo Bakeries' false advertising claim.[89] At trial, Dr. Christensen testified that the results of his survey were limited to Utah.[90] Although the results could be extrapolated to other states using empirical methods, he did not do so.[91] Instead, Dr. Christensen admitted that consumers in different states might have different perceptions of what constitutes being "local"; for example, a consumer in Vancouver, Washington, may consider Portland, Oregon, to be "local."[92]

---

[85] *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1561 (10th Cir. 1991).

[86] *Prager v. Campbell County Mem'l Hosp.*, 731 F.3d 1046, 1061 (10th Cir. 2013)

[87] Trial Tr., vol. IV, 98:09-160:5, Sept.28, 2017, docket no. 460; Trial Ex. 239.

[88] Trial Tr., vol. IV, 99:8-15; 117:21-23; 157:8-15; Trial Ex. 239; Trial Ex. 366; Reply 9.

[89] Rebuttal Report of Dr. Glenn L. Christensen ¶ 25, at 10, Trial Ex. 181 ("In study three, the guiding question is similar – is there a substantial and 'not insubstantial' number of sliced packaged bread buyers within Utah who receive a false or misleading impression from the Defendant's ad and is that message material to their bread purchase.").

[90] Trial Tr., vol. III, 63:21-64:2.

[91] *Id.*; Trial Tr., vol. III, 66:15-67:17.

[92] Trial Tr., vol. III, 64:3-22.

In ruling on pretrial motions, the court limited Bimbo Bakeries' false advertising damages to Utah, in part because Bimbo Bakeries represented that Dr. Christensen did not intend to testify regarding consumers outside of Utah.[93] Therefore, the determination of whether the surveys can be extrapolated to other jurisdictions to establish consumer confusion and false advertising outside of Utah was not necessary.[94] Later, when U.S. Bakery sought to limit Bimbo Bakeries' damages to Utah, the court ruled that "[t]his issue has been addressed in detail in the Order on Motions to Exclude Expert Witnesses which found that [Mr. Hoffman's] damage calculations are limited to Utah and southern Idaho."[95]

Notwithstanding the ruling limiting damages, Mr. Hoffman nonetheless presented testimony of his calculated damages for false advertising that occurred outside of Utah. Although U.S. Bakery did not object to Mr. Hoffman's testimony at trial or seek a jury instruction limiting damages to Utah, its failure to do so then does not rise to the level of having waived its right to object now. Under the invited error doctrine, a party generally cannot complain of errors that he has himself induced or invited.[96] However, invited error requires "intentional relinquishment of a right" and occurs when "the party sought out or affirmatively approved an errant outcome."[97] Moreover, "where the jury has returned a special verdict, the trial judge is obligated to apply appropriate legal principles to the facts found by the jury."[98]

---

[93] Order on Motions to Exclude, at 8, docket no. 244 (Redacted Order, docket no. 248).

[94] *Id.*

[95] Sealed Memorandum Decision and Order Granting in Part and Denying in Part Defendant's [119] Motion for Summary Judgment, at 17, docket no. 250, entered Apr. 28, 2017 (Redacted Order, docket no. 257). The order inadvertently refers to Dr. Christensen, instead of Mr. Hoffman. This mistake is understandable given that Mr. Hoffman's damage calculations depend upon Dr. Christensen's consumer results to establish false advertising as a threshold matter. Additionally, as previously stated, Bimbo Bakeries opted not to conduct consumer surveys outside of Utah.

[96] *Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

[97] *United States v. Thornton*, 846 F.3d 1110, 1117 n.3 (10th Cir. 2017) (internal quotation marks omitted).

[98] *Brown*, 101 F.3d at 1332.

Mr. Hoffman's unjust enrichment calculations necessarily rely upon Dr. Christensen's consumer surveys and findings of consumer confusion. Bimbo Bakeries had the opportunity to present evidence related to consumer confusion in all eight states in which U.S. Bakery used its tagline. But, Bimbo Bakeries chose to limit its surveys to Utah and did not provide any basis for extrapolating the Utah data to other states. Throughout trial—during argument and in its cross-examination of Mr. Hoffman—U.S. Bakery asserted its position that damages should be limited to Utah. Based on the circumstances, U.S. Bakery cannot be found to have sought out or affirmatively approved the failure to limit either Mr. Hoffman's testimony or the jury instructions regarding damages.

Ultimately, Bimbo Bakeries presented sufficient evidence to allow its false advertising claim to proceed to the jury, but only with respect to consumer confusion in Utah and damages from false advertising in Utah. Bimbo Bakeries did not provide any foundation to seek damages outside of Utah. Having determined that the jury should have limited damages to Utah, the $8,027,720 award is not supported by the evidence and is legally insufficient. However, the award can be remitted without a new trial. The jury chose to adopt Mr. Hoffman's method of calculation. At trial, Mr. Hoffman calculated $83,398 in profits from U.S. Bakery's use of the disputed tagline in Utah.[99] Accordingly, the false advertising damages are remitted to $83,398.

---

[99] Rebuttal Expert Witness Report, Schedule 3.1, at 42, Trial Ex. 179; Trial Tr. vol. IV, 118:2-13.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Renewed Motion for Judgment[100] is DENIED in PART and GRANTED in PART as follows:

- U.S. Bakery's request for judgment as a matter of law pursuant to Rule 50 is DENIED.

- U.S. Bakery's request for a new trial pursuant to Rule 59 is DENIED.

- U.S. Bakery's request for remittitur is GRANTED. The amount of damages awarded for false advertising in the jury's verdict[101] is remitted to $83,398. An amended judgment will be entered consistent with this ruling.

Dated March 5, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[100] Docket no. 555.

[101] Docket no. 451.