IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LELAND SYCAMORE and UNITED STATES BAKERY, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY'S FEES** <br><br> Case No. 2:13-cv-00749 <br><br> District Judge David Nuffer |

Plaintiff Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") filed a motion seeking an award of attorney's fees and nontaxable costs totaling $1,231,463.29 against Defendants Leland Sycamore ("Sycamore") and United States Bakery, Inc. ("U.S. Bakery") under Utah Code Ann. § 13-24-5.[1]

Both defendants acknowledge that Bimbo Bakeries is entitled to an award of reasonable attorney's fees attributable to its trade secret claim.[2] However, U.S. Bakery contends that the amount sought by Bimbo Bakeries is not reasonable because (1) Bimbo Bakeries failed to adequately apportion its fees to only its trade secret claim; (2) Bimbo Bakeries' attorneys inappropriately used "block billing;" (3) Bimbo Bakeries' out-of-state attorney billing rates are

---

[1] Plaintiff's Motion for Attorney's Fees and Nontaxable Expenses ("Motion for Attorney's Fees"), docket no. 562, filed Apr. 30, 2018. *See also* Plaintiff's Reply in Support of Motion for Attorney's Fees and Nontaxable Expenses ("Bimbo Bakeries' Reply"), docket no. 599, filed May 29, 2018.

[2] Memorandum Decision and Order Granting in Part [481] Plaintiff's Motion for Enhanced Damages and Attorneys' Fees and Granting [483] Plaintiff's Motion for Permanent Injunction at 8, docket no. 534, entered Mar. 29, 2018; Judgment in a Civil Case, docket no. 537, entered Mar. 29, 2018.

excessive; and (4) fees requested include time that is inadequately supported.[3] U.S. Bakery also contests any award of non-taxable costs, including expert fees.[4]

Sycamore does not object to the amount of fees and costs claimed to have been incurred by Bimbo Bakeries, but instead argues that the fees and costs assessed against Sycamore should be limited to those incurred by Bimbo Bakeries in connection with proving its claims against Sycamore alone.[5] For the reasons discussed below, Bimbo Bakeries' Motion for Attorney's Fees[6] is granted in part and denied in part.

**Contents**

Standard ........................................................................................................................... 2
Discussion ........................................................................................................................ 3
    Bimbo Bakeries is entitled to an award of attorney's fees based upon local counsel's
        billing rates .................................................................................................... 3
    Bimbo Bakeries is awarded its reasonable incidental and necessary expenses as part of its
        attorney fee award ......................................................................................... 6
    The attorney fee award should be apportioned between the defendants based upon the
        jury's finding of fault ..................................................................................... 8
Order….. ........................................................................................................................... 9

## STANDARD

"An award of attorneys' fees is a matter uniquely within the discretion of the trial judge who 'has intimate knowledge of the efforts expended and the value of the services rendered.'"[7] To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount

---

[3] Defendant United States Bakery's Opposition to Plaintiff's Motion for Attorney Fees and Nontaxable Expenses ("U.S. Bakery's Opposition"), docket no. 590, filed May 14, 2018.

[4] *Id*.

[5] Sycamore's Objection to Bimbo's Request for Fees and Costs ("Sycamore's Objection"), docket no. 589, filed May 14, 2018.

[6] Docket no. 562.

[7] *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453 (10th Cir. 1988) (quoting *United States v. Anglin & Stevenson*, 145 F.2d 622, 630 (10th Cir. 1944), *cert denied*, 324 U.S. 844 (1945)).

reflects a 'reasonable' fee."[8] "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"[9] The "determination of fees should not result in a second major litigation."[10] The goal is to "do rough justice, not to achieve auditing perfection."[11] Accordingly, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."[12]

## DISCUSSION

### Bimbo Bakeries is entitled to an award of attorney's fees based upon local counsel's billing rates.

Bimbo Bakeries states that its reasonable and compensable attorney's fees attributable to its trade secret claim are $821,712.50.[13] This amount includes work performed by out-of-state counsel and local counsel.[14] Bimbo Bakeries and U.S. Bakery disagree over the reasonableness of the fees charged by out-of-state counsel.[15] U.S. Bakery also argues that Bimbo Bakeries improperly included fees attributable to other claims, block billing entries, and other inadequately supported time, including some support staff fees.

---

[8] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563–65 (1986).

[9] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1982)).

[10] *Fox v. Vice*, 563 U.S. 826 (2011).

[11] *Id*.

[12] *Id.*

[13] Docket no. 562 at 3.

[14] Of the amount sought, $731,154.18 is attributable to work performed by out-of-state counsel, Womble Bond Dickinson ("Womble"). Declaration of Charles A. Burke In Support of Plaintiff's Motion for Attorney's Fees and Nontaxable Expenses ("Declaration of Charles Burke") ¶ 3, docket no. 563. The remaining $90,558.32 is for work performed by local counsel, Parsons Behle & Latimer ("Parsons"). Declaration of Juliette P. White In Support of Plaintiff's Motion for Attorney's Fees and Nontaxable Expenses ("Declaration of Juliette White") ¶ 3, docket no. 564, filed Apr. 30, 2018.

[15] *Compare* Declaration of Samuel C. Straight in Support of Plaintiff's Motion for Attorney's Fees, docket no. 565, filed Apr. 30, 2018 *with* Declaration of Matthew A. Barlow in Support of United States Bakery's Opposition to Plaintiff's Motion for Attorney Fees and Nontaxable Costs, docket no. 591, filed May 14, 2018.

This case involved complex claims, extensive discovery, multiple dispositive motions, several experts, and a two-week jury trial. In support of the fees requested, Bimbo Bakeries submitted the invoices that were sent to Bimbo Bakeries by its attorneys. These invoices identify the scope of the work performed, the number of hours expended, and the hourly rates claimed. Bimbo Bakeries also explained its process for apportioning the fees to its trade secret claim:

> a. If a fee entry solely involved trade secret subject matter, then 100% of that fee entry was allocated to the trade secret misappropriation claim.
>
> b. If a fee entry partially involved trade secret subject matter, and partially a different cause of action, then only a portion of that fee entry was allocated to the trade secret misappropriation claim. The portion of each fee entry that was allocated to the trade secret claim involved a judgment call based upon my experience as lead counsel in this action.
>
> c. If a fee entry involved subject matter that was not specific to any particular cause of action but to the pursuit of this litigation in general, then one-half of that entry was counted as relating to the trade secret misappropriation claim prior to October 20, 2014, when Bimbo Bakeries' began to prepare its motion to amend to add the false advertising claim, and one-third thereafter until June 5, 2017, when the Court dismissed the trade dress claim at summary judgment. After June 5, 2017, one-half of nonspecific fee entries were counted to the trade secret misappropriation claim. In sum, non-claim-specific fee entries were allocated to the trade secret claim as follows: (a) May 20, 2013 – October 19, 2014 (one-half); (b) October 20, 2014 – June 5, 2017 (one-third); June 6, 2017 – forward (one-half).[16]

A claimant "need not segregate its compensable and noncompensable claims if they sufficiently overlap and involve the same nucleus of facts."[17] Given the complexity of the issues involved in this case and the overlapping nature of some of the claims, the approach taken by Bimbo Bakeries to apportion its attorney's fees is reasonable.[18] Additionally, block billing does

---

[16] Declaration of Charles Burke at 4; Declaration of Juliette White at 4.

[17] *First Am. Title Insurance Co. v. Northwest Title Insurance Agency*, No. 2:15-cv-00229, 2017 WL 1456460, at *12 (D. Utah Apr. 24, 2017) (quoting *Daynight, LLC v. Mobilight, Inc.*, 248 P.3d 1010, 1013 (Utah Ct. App. 2011)).

[18] Notably, Bimbo Bakeries incurred a total of $1,793,306.50 in fees billed by Womble alone.[18] U.S. Bakery at 7; Declaration of Steven M. Wilker, Ex. 1. The fees sought by Bimbo Bakeries in relation to its trade secret claim represent approximately 40% of the total fees incurred.

4

not necessarily preclude an award of attorney's fees.[19] In this case, Plaintiffs billing records do not include suspect entries. The amount of time spent in the largest time entries seem to be warranted by the underlying task—e.g., research and writing a brief. Therefore, no reduction in fees is required due to block billing.

Finally, U.S. Bakery objects to the inclusion of time entries for two paralegals to attend trial.[20] Paraprofessional fees may be properly included as an element of attorney's fees when it promotes lawyer efficiency and decreased client litigation costs.[21] Trial in this matter occurred over the course of two weeks and involved a substantial number of witnesses and exhibits. It was not unreasonable to have two support paralegals assist at trial. Experience in court confirms that they are best suited to manage evidence and witnesses and use trial presentation technology, along with their general duties. Overall, the paraprofessional fees that Bimbo Bakeries seeks as part of its attorney's fee award are reasonable and sufficiently supported by the invoices submitted.

Based upon the evidence presented, the number of hours claimed are reasonable. However, an adjustment is still necessary to address the reasonableness of the rates billed. Generally, fees awarded should be consistent with the rates customarily charged in the locality for the similar service.[22] Parsons Behle Latimer ("Parsons") attorneys' billing rate is consistent with the rates customarily charged in Utah. However, the rates charged by attorneys at Womble Bond Dickinson, Burke, Mason, and Sharpe ("Womble") are approximately 10-20% greater than

---

[19] *EarthGrains Baking Co., Inc. v. Sycamore Family Bakery, Inc.*, No. 2:09-cv-523, 2012 WL 6553739, at *3 (D. Utah Dec. 14, 2012) (citing *Flying J Inc. v. TCH, LLC*, 322 F. App'x 610, 617 (10th Cir. 2009); *Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) ("This court has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney records which reflect block billing.").

[20] U.S. Bakery's Opposition at 7-8.

[21] *First Am. Title*, 2017 WL 1456460, at *13 (quoting *Baldwin v. Burton*, 850 P.2d 1188, 1200 (Utah 1993)).

[22] *Dixie State Bank v. Bracken,* 764 P.2d 985, 989 (Utah 1998).

a comparable attorney at Parsons. As part of their opposition, U.S. Bakery prepared a comprehensive spreadsheet identifying the rates claimed by Womble, the number of hours billed, and the dollar amount billed by each attorney.[23] U.S. Bakery further proposed an adjusted billing rate for the majority of Womble's attorneys based upon the rates billed by an attorney at Parsons with comparable experience. In order to conform Womble's rates to the rates charged by a prominent Utah firm, U.S. Bakery requests that Bimbo Bakeries' attorney's fees be reduced by $178,962.50. This reduction is appropriate and supported by the materials submitted by U.S. Bakery. Accordingly, Bimbo Bakeries is awarded $642,750 in attorney's fees.[24]

**Bimbo Bakeries is awarded its reasonable incidental and necessary expenses as part of its attorney fee award.**

In addition to attorney's fees, Bimbo Bakeries seeks significant nontaxable expenses, totaling $409,751.19.[25] These expenses include the following:[26]

| **Womble Bond Dickinson** | | **Parsons Behle Latimer** | |
|---|---|---|---|
| Travel | $ 55,647.23 | Mail/Delivery | $ 252.62 |
| Expert Services | $ 341,281.75 | Research | $ 5,362.83 |
| Mail/Delivery | $ 683.99 | Miscellaneous | $ 339.51 |
| Research | $ 794.98 | | |
| Miscellaneous | $ 5,388.28 | | |
| Total | $ 403,796.20 | Total | $ 5,954.96 |
| **TOTAL** | **$409,751.19** | | |

---

[23] Declaration of Steven M. Wilker in Support of United States Bakery's Opposition to Plaintiff's Motion for Attorney Fees and Nontaxable Expenses, docket no. 592-1, filed May 14, 2018.

[24] The amount of attorney's fees requested by Bimbo Bakeries ($821,712.50) minus $178,962.50 is 642,750.00.

[25] This amount seems to be correct based upon the itemized accounting provided by Bimbo Bakeries, as opposed to the $409,750.79 stated in the Motion for Attorney Fees.

[26] Docket no. 562 at 3-4. *See also* Declaration of Charles Burke ¶ 4; Declaration of Juliette White ¶ 4.

Neither the court's order on the post-verdict motions nor the judgment entered expressly included an award of nontaxable costs.[27] However, as part of an award of attorney's fees, the court may award "incidental and necessary expenses incurred in furnishing effective and competent representation."[28] These expenses should be awarded in the court's discretion if "(1) the expenses are not absorbed as part of a law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable."[29] Therefore, Bimbo Bakeries is awarded an additional $68,469.45 for the reasonable out-of-pocket expenses incurred by its counsel in litigating this matter (i.e., travel, mail/delivery, research, and miscellaneous).

However, Bimbo Bakeries is not entitled to an award of other, non-taxable expenses. The Utah Uniform Trade Secrets Act (UUTSA)—the relevant statute here—does not provide for an award of nontaxable costs, such as expert witness fees.[30] "The court may, however, award non-taxable costs by exercising the court's inherent authority [to sanction bad conduct]."[31] To do so, the court must find that the party against whom the costs are imposed engaged in bad faith.[32] This finding cannot be made here. Although U.S. Bakery and Bimbo Bakeries defended their position through post-trial proceedings, they did not engage in improper litigation tactics or behave contemptuously toward the court or other parties.[33]

---

[27] Docket 534; docket 537.

[28] *Storeagecraft Tech. Corp. v. Kirby*, No. 2:08-cv-921, 2012 WL 4467520, at *1 (D. Utah Sept. 27, 2012) (citing *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000). *United Phosphorus, Ltd. v. Midland Fumigrant, Inc.*, 21 F. Supp. 3d 1255, 1262 (D. Kan. 1998) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

[29] *United Phosphorus*, 21 F. Supp. 2d at 1262 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

[30] Utah Code Ann. § 13-24-5. *ClearOne Commc'ns, Inc. v. Chiang*, 2:07-cv-37, 2010 WL 1257750, at *8 (D. Utah Mar. 25, 2010), aff'd sub nom. *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735 (10th Cir. 2011) ("Non-taxable costs, such as ClearOne's expert fees, are not recoverable under the UUTSA.").

[31] ClearOne Commc'ns, Inc. v. Chiang, 2010 WL 1257750, at *8.

[32] *Id*.

[33] *Id*.

### The attorney fee award should be apportioned between the defendants based upon the jury's finding of fault.

Sycamore argues that the amount of hours Bimbo Bakeries spent on the case in connection with Sycamore was a small fraction compared to the total amount of work Bimbo's attorneys performed.[34] Sycamore further contends that none of the costs Bimbo Bakeries seeks to recover can be reasonably attributed to the claims brought against Sycamore, as opposed to U.S. Bakery.[35] However, as recognized by Bimbo Bakeries in their reply,[36] Sycamore's wrongful acts were at the core of Bimbo Bakeries' case and there is significant overlap between the work performed on claims common to Sycamore and U.S. Bakery.

The jury found that both U.S. Bakery and Sycamore misappropriated Bimbo Bakeries' trade secret.[37] The jury set $2,105,256 in compensatory damages, allocating 25% fault to Sycamore and 75% fault to U.S. Bakery.[38] The UUTSA provides that exemplary damages and attorneys' fees may be awarded if "willful and malicious" misappropriation is shown.[39] The jury found that U.S. Bakery and Sycamore both committed "willful and malicious" misappropriation. Accordingly, the attorney's fees should be allocated among the defendants consistent with the jury's finding of fault. Sycamore is responsible for 25% (i.e., $177,804.86) of the attorney fee award and U.S. Bakery is responsible for the remaining 75% (i.e., $533,414.59) of the attorney fee award.

---

[34] Sycamore's Objection at 3.

[35] *Id*. at 5.

[36] Plaintiff's Reply in Support of Motion for Attorney's Fees and Nontaxable Expenses, docket no. 600, filed May 29, 2018.

[37] Special Verdict at 2 (Question 2).

[38] Special Verdict at 3.

[39] Utah Code § 13-24-4, -5.

**ORDER**

IT IS HEREBY ORDERED that Bimbo Bakeries' Motion for Attorney's Fees[40] is GRANTED IN PART and DENIED IN PART. Bimbo Bakeries is awarded its reasonable attorney's fees in the amount of $711,219.45. Sycamore is responsible for 25% (i.e., $177,804.86) of the attorney fee award and U.S. Bakery is responsible for the remaining 75% (i.e., $533,414.59) of the attorney fee award.

Dated March 5, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[40] Docket no. 562.